PLAGER, Senior Circuit Judge.
 

 This case raises the question of the effect of Congress’s recent amendment of the jurisdictional statute under which we review decisions of the Court of Appeals for Veterans Claims. The case arose when Douglas B. Morgan sought review of the March 14, 2002 decision of the United States Court of Appeals for Veterans Claims, which decision affirmed a September 28, 1999 decision of the Board of Veterans’ Appeals (BVA).
 

 The BVA found that a Department of Veterans Affairs regional office (VARO) had properly denied Mr. Morgan’s request for an extension of time in which to file a substantive appeal, and that his substantive appeal was not timely filed. The Court of Appeals for Veterans Claims affirmed. On appeal to this court, Mr. Morgan for the first time raises the question of whether equitable tolling is available under the applicable limitations statute.
 

 The Government, in its October 2002 brief as respondent-appellee, argued that Mr. Morgan did not present an issue over which this court has jurisdiction. The Government’s position was based on our recent en banc opinion in
 
 Forshey v. Principi,
 
 284 F.3d 1335 (Fed.Cir.) (en banc),
 
 cert, denied,
 
 537 U.S. 823, 123 S.Ct. 110, 154 L.Ed.2d 33 (2002). Subsequently, however, in a supplemental filing dated March 2003, the Government, based on the amendment to this court’s jurisdictional statute contained in the Veterans Benefits Act of 2002, enacted December 6, 2002, conceded that we had jurisdiction, and withdrew its argument to the contrary.
 

 We are faced, then, with the question of whether we properly have jurisdiction over
 
 *1359
 
 Mr. Morgan’s appeal, and if so, what disposition is to be made of it. We conclude that, as a matter of statutory interpretation, the Government is correct that we have jurisdiction to hear Mr. Morgan’s case. We decline, however, as a prudential matter to consider the merits of the sole issue he presents to this court, and accordingly affirm the judgment of the Court of Appeals for Veterans Claims.
 

 I. Background
 

 The facts can be briefly stated, since the issues before us are solely'those of law. Section 7105 of title 38, United States Code, and its implementing regulations establish the requirements for filing a substantive appeal of a VARO determination to the BVA. The time limit for filing an appeal is sixty days from the date the statement of the case is mailed to the appellant, or one year from the date the notification of the determination is mailed, whichever is later. 38 C.F.R. § 20.302(b). In Mr. Morgan’s case, the deadline for appealing the denial of his claim for dependents’ educational assistance was December 4, 1993, one year from the date notification of the denial was mailed.
 

 In July 1993, five months before the filing deadline, Mr. Morgan filed a request for a thirty-day extension of time in which to file his appeal, apparently believing that he had to file his appeal within sixty days from the date the statement of the case was mailed in May 1993 and unaware that the alternate one-year provision applied. The VARO responded with a letter explaining that Mr. Morgan had one year from the date notification of the denial of benefits was mailed in which to perfect his appeal. Mr. Morgan filed a substantive appeal on December 16, 1993, twelve days past the filing deadline.
 

 In a June 30, 1997 decision, the BVA requested the VARO to provide Mr. Morgan with another statement of the case addressing the issues of whether Mr. Morgan’s request for an extension should have been granted and whether his December 16, 1993 substantive appeal was timely filed. The VARO issued a statement of the case, in which it explained that the VARO’s July 1993 letter essentially denied the request for a thirty-day extension of time and that the substantive appeal was untimely. In a September 28, 1999 decision, the BVA found that the VARO acted properly in denying the extension request and that Mr, Morgan’s substantive appeal was not timely filed. On March 14, 2002, the Court of Appeals for Veterans Claims affirmed.
 

 In his appeal brief filed with this court, Mr. Morgan argues only that the Court of Appeals for Veterans Claims should have applied the doctrine of equitable tolling to 38 U.S.C. § 7105, a theory that was not presented to or considered by either the BVA or the Court of Appeals for Veterans Claims.
 

 II. Jurisdiction
 

 Section 7292 of title 38, United States Code, sets out the jurisdictional parameters within which this court functions when we review a decision of the Court of Appeals for Veterans Claims. The statute as currently applicable reads:
 

 (a) After a decision of the United States Court of Appeals for Veterans Claims is entered in a case, any party to the case may obtain a review of the decision with respect to the validity of a decision of the Court on a rule of law or of any statute or regulation ... or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the Court in making the decision.
 

 
 *1360
 
 (d)(2) Except to the extent that an appeal under this chapter presents a constitutional issue, the Court of Appeals may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case.
 

 38 U.S.C. § 7292 (2000),
 
 amended by
 
 Veterans Benefits Act of 2002, Pub.L. No. 107-330, § 402(a), 116 Stat. 2820, 2832.
 

 To say that the statute is less than brilliant in its clarity is perhaps to gild it beyond its entitlement. As we said in
 
 Forshey,
 
 “jurisdictional issues under section 7292 have proved difficult and have arisen frequently. Despite our clarification of those provisions today, this will continue.” 284 F.3d at 1353.
 

 Our effort in
 
 Forshey
 
 focused on the language in section 7292 that provided that any party to a case before the Court of Appeals for Veterans Claims “may obtain a review [before the Court of Appeals for the Federal Circuit] of the decision with respect to the validity of any statute or regulation ... or any interpretation thereof ... that was relied on by the Court in making the decision.” 38 U.S.C. § 7292(a) (2000) (emphasis added). The “relied on” language had been the subject of prior cases, and of considerable debate about the proper scope of that phrase given the various possibilities for presentation of an issue or issues in a case as it wends its way through the administrative and judicial machinery of the veterans’ benefits system.
 
 See, e.g., Smith v. West,
 
 214 F.3d 1331 (Fed.Cir.2000),
 
 cert, denied,
 
 531 U.S. 1144, 121 S.Ct. 1080, 148 L.Ed.2d 956 (2001);
 
 Belcher v. West, 214
 
 F.3d 1335 (Fed.Cir.2000),
 
 cert, denied,
 
 531 U.S. 1144, 121 S.Ct. 1080, 148 L.Ed.2d 956 (2001).
 

 In
 
 Forshey
 
 we described the text of the statute as granting us “issue jurisdiction” over appeals from the Court of Appeals for Veterans Claims, as distinct from the broader “case jurisdiction” such as we have when an appeal comes to us from a final judgment of a district court, for example. 284 F.3d at 1348. Combining the notion of “issue jurisdiction” with the “relied on” language, we concluded that our jurisdiction is limited to: (1) issues concerning the validity of statutes or regulations on which the decision of the Court of Appeals for Veterans Claims depended; (2) issues of interpretation if the Court of Appeals for Veterans Claims elaborated the meaning of a statute or regulation and the decision depended on that interpretation; (3) issues of validity or interpretation raised before the Court of Appeals for Veterans Claims but not explicitly decided, if the decision would have been altered by adopting the position that was urged; and (4) other “relevant”
 
 [1]
 
 questions of law.
 
 Id.
 
 at 1338.
 

 Despite this effort at clarification, or perhaps because of it, both the majority and the dissent in
 
 Forshey
 
 called upon Congress to amend the statute to correct the perceived problems. The majority expressly invited Congress “to consider amending section 7292 to confer ‘case’ jurisdiction (except for a continued bar on the review of fact issues).”
 
 Id.
 
 at 1353;
 
 see also id.
 
 at 1365 (Mayer, C.J., dissenting) (“Congress should revisit its legislative handiwork.”).
 

 Congress, whether moved by this court’s entreaties or the urging of veterans organizations and interest groups, was not long in responding. Public Law No. 107-330, enacted December 6, 2002, and known as
 
 *1361
 
 the Veterans Benefits Act of 2002, amended the statutes applicable to veterans’ benefits in a number of respects. Section 402(a) amended 38 U.S.C. § 7292(a) by “inserting ‘a decision of the Court on a rule of law or of in the first sentence after ‘the validity of.’ ”
 
 [2]
 

 When the new language is inserted into the then-existing § 7292(a), the . statute as now amended reads in relevant part that any party to a case before the Court of Appeals for Veterans Claims “may obtain a review of the decision with respect to the validity of a decision of the Court on a rule of law or of any statute or regulation ... or any interpretation thereof ... that was relied on by the Court in making the decision.” § 7292(a). The italicized language is the language added by the 2002 amendment.
 

 What are we to make of this change in the law? First, there is the definitional question: what did Congress mean by “a rule of law”? The dictionary defines “rule of law” as “[a] substantive legal principle.”
 
 Black’s Law Dictionary
 
 1332 (7th ed.1999). It is axiomatic that under federal law there are three sources of substantive legal principles: Congress, acting through statute; an administrative agency with rulemaking power; or a judicial body. In the case of veterans benefits law, though occasionally there are court-made propositions at issue, the legal principles of general application that govern are typically statutes enacted by Congress and regulations promulgated by the Department of Veterans Affairs pursuant to express grant of authority from Congress.
 

 Secondly, Congress is presumed to legislate against the backdrop of existing law.
 
 See Cannon v. Univ. of Chi,
 
 441 U.S. 677, 698-99, 99 S.Ct. 1946, 60 L.Ed.2d 560 (1979). At the time the amendment was adopted, the jurisdictional conundrums presented by the statute were well known, and this court had handed down a number of decisions, most recently the opinion in the
 
 Forshey
 
 case, expressing our concerns.
 

 Third, a careful reading of the new language highlights a significant addition: the statute no longer refers only to “the validity of any statute or regulation ... or interpretation thereof,.” .as the original statute did, but it now refers to “the validity of a decision of the Court [of Appeals for Veterans Claims].” (Italics added.) Furthermore, the placement of the new phrase at the beginning of the operative language, followed by the disjunctive “or,” suggests that this grant of authority is to be separate from what follows.
 

 Combining these considerations in light of the history of the statute, and giving the amended statute its plain meaning, it appears that the amendment enacted by Congress has the effect of making the review of “a decision of the Court [of Appeals for Veterans Claims] on a rule of law” a separate jurisdictional basis, and textually independent of whether that rule of law was “relied on,” as that term is understood in
 
 Forshey,
 
 by the Court of Appeals for Veterans Claims in making its decision. In short, Congress responded to this court’s entreaty by enacting a form of “case” jurisdiction.
 

 We now return to the definitional issue. If the new “ease” jurisdiction extends to all .“rules of law” that govern the decisions of the Court of Appeals for Veterans Claims, as it would appear, what are
 
 *1362
 
 we to make of the remaining parts of the statute, the parts following the new language? On that question, the legislative history, to the extent it is relevant, raises more questions than it answers.
 

 In May 2002 the National Legislative Director of the Disabled American Veterans appeared before the Committee on Veterans’ Affairs of the United States Senate. He spoke in support of S.2079, which contained a proposed amendment to the jurisdiction of the Federal Circuit. The problem, he said, was the need to fill “a void in the jurisdiction of the United States Court of Appeals for the Federal Circuit.” He went on to explain:
 

 The Federal Circuit is empowered to review an ‘interpretation’ of a statute or regulation by the Veterans Court but not an ordinary question of law that does not involve statutory or regulatory interpretation.... Through judicial precedent, the Veterans Court has created several rules of law.... When the legal significance of a fact is not governed by an interpretation of a statute or regulation, per se, it is an ordinary question of law not reviewable by the Federal Circuit. Obviously, this limitation on Federal Circuit jurisdiction shields decisions by the Veterans Court from review in a number of instances.
 

 ... [T]he jurisdiction of the Federal Circuit should be expanded to include ordinary questions of law.
 

 Hearing on Pending Legislation Before the Senate Comm. on Veterans’ Affairs,
 
 107th Cong. 50 (2002) (statement of Joseph A. Violante, National Legislative Director, Disabled American Veterans).
 

 In response, the General Counsel of the Department of Veterans Affairs, appearing at the same hearing, stated to the Committee:
 

 Section 3 of S.2079 would authorize the United States Court of Appeals for the Federal Circuit to review decisions of the CAVC on a rule of law.... Proponents of this provision have suggested that it is needed to permit review of judicially-created legal rules, such as those involving equitable tolling of time limits or the so-called “treating physician” rule adopted by courts in Social Security benefit claims. VA does not agree with that view. We do not believe that purely legal issues are insulated from review by the current statute. Notably, the Federal Circuit has decided challenges concerning judicially-created legal principles under the existing statute, including issues pertaining to equitable tolling and the treating physician rule.
 
 See Bailey v. West,
 
 160 F.3d 1360 (Fed.Cir.1998) (en bane);
 
 White v. Principle
 
 243 F.3d 1378 (Fed.Cir.2001).
 

 Hearing on Pending Legislation Before the Senate Comm. on Veterans’ Affairs,
 
 107th Cong. 20 (2002) (statement of Tom McClain, General Counsel, Dep’t of Veterans Affairs). Although believing that the new provision was not necessary, the General Counsel stated that the VA did not object to its enactment.
 
 Id.
 

 S. 2079 was incorporated into S. 2237, which in turn became Public Law No. 107-330. The explanatory statement that accompanied the Compromise Agreement between the Senate and House Committees on Veterans Affairs, in support of S. 2237, stated:
 

 Section 402 of the Compromise Agreement would also expand the Federal Circuit’s authority to review CAVC decisions based on rules of law that are not derived from a specific statute or regulation. This change would allow the Federal Circuit to review comprehensively any CAVC decisions of law that adverse
 
 *1363
 
 ly affect appellate reviews of veterans’ claims.
 

 148 Cong. Rec. S11334 (daily ed. Nov. 18, 2002) (statement of Sen. Reid). The inconsistency between the narrow scope of the first sentence and the broad scope of the second apparently went unnoticed.
 

 Whatever may be the situation regarding the broader sweep of the amending language, the issue before us here falls cleanly within both the language and the presumed purpose: equitable tolling is a rule of law that is judge-made, and was specifically mentioned by the VA General Counsel as an example of an issue about which the proponents of the amendment were concerned. Of course, equitable tolling necessarily relates to á specific limitations statute, which statute governs the case, such as the one at bar, suggesting that the VA General Counsel’s view of our existing jurisdictional reach, absent the amendment, may have been correct.
 

 Nevertheless, the statute has been amended, and it is our responsibility to state what that amended statute means. As the Supreme Court recently said, in reference to another of our jurisdictional statutes, “[o]ur task here is not to determine what would further Congress’s goal ..., but to determine what the words of the statute must fairly be understood to mean.”
 
 Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.,
 
 535 U.S. 826, 833, 122 S.Ct. 1889, 153 L.Ed.2d 13 (2002). For the reasons stated above, then, we are persuaded from our own research and from the history of the matter that the congressional amendment to our jurisdictional statute means at least this much: in a case such as this, in which the decision below regarding a governing rule of law would have been altered by adopting the position being urged, this court has jurisdiction to entertain the matter, even though the issue underlying the stated position was not “relied on” by the Veterans Court. To that extent at least the matter is “case” jurisdiction.
 

 This perforce must be the Government’s understanding of our jurisdiction after the 2002 amendment. The only issue in the appeal before us is whether equitable tolling is available when applying the limitations period of 38 U.S.C. § 7105, an issue that was neither raised before nor considered by the Court of Appeals for Veterans Claims. Accordingly, the Court of Appeals for Veterans Claims in its decision did not “elaborate[ ] the meaning of [the] statute ... and the decision [did not] dependi ] on that interpretation;” nor was the issue “raised before the Court of Appeals for Veterans Claims but not explicitly decided.”
 
 Forshey,
 
 284 F.3d at 1337.
 

 Thus the Government’s initial position in its appellate brief, submitted in October 2002 before the amendment to section 7292(a) was enacted, that Mr. Morgan did not raise an issue on appeal over which this court has jurisdiction, would appear to be sound, at least as far as
 
 Forshey
 
 is concerned. The Government’s reversal of its position, sent to us in the form of a letter of supplemental authority, simply cites to the language of the 2002 amendment to section 7292, and states: “Accordingly, we respectfully withdraw our argument that this Court lacks jurisdiction to consider to [sic] question of the application of the doctrine of equitable tolling.”
 
 [3]
 
 Of course, the Government’s concession,' and its implicit reading of the statute that compliance with the requirements of
 
 Forshey
 
 is no longer necessary, cannot create jurisdiction where jurisdiction does not exist. This court, as all courts, must attend to its own jurisdiction, a necessary prerequisite to any judicial action.
 

 
 *1364
 
 Though we readily find jurisdiction here, we are reluctant to elaborate further, and indeed it is not necessary. The case was submitted on the briefs, and the question of the court’s jurisdiction as amended by the 2002 Act was not fleshed out beyond the summary, if not cryptic, statement from the Government. The Government presumably did its homework, and though it did not share its analysis with us, certainly the Government cannot complain that we have gone this far, since it is the Government’s position. The appellant cannot complain, since he succeeded in getting the case before this court. Further explication of the new language of section 7292, and the question of the fullness of its reach, must await later cases.
 

 However, recognizing that we have jurisdiction over a matter arising in this manner, and disposing of it to the appellant’s satisfaction, are two separate issues; it is to the second we now turn.
 

 III. Disposition of the Appeal
 

 We decline as a prudential matter to address the issue of whether equitable tolling applies to section 7105, an issue this court has not addressed previously. As noted, the issue was neither presented to nor considered by the Court of Appeals for Veterans Claims in this case. Furthermore, this case does not fall within any of the carefully defined exceptions in which we should consider an argument not made below. There has been no new statute or change in jurisprudence since the decision by the Court of Appeals for Veterans Claims; Mr. Morgan did not appear pro se before that court; and this is not a case in which we may decide to apply the correct law to an issue properly before this court because the issue of equitable tolling was not considered at all by the Court of Appeals for Veterans Claims.
 
 See Forshey,
 
 284 F.3d at 1355-58.
 

 Mr. Morgan’s argument that the BVA improperly relied on
 
 Mayer v. Brown,
 
 37 F.3d 618 (Fed.Cir.1994), in its denial of his motion for reconsideration is without merit. While it is true that
 
 Bailey v. West,
 
 160 F.3d 1360 (Fed.Cir.1998) (en banc), overruled the holding in
 
 Mayer
 
 that 38 U.S.C. § 7266(a) is not subject to equitable tolling, the BVA cited
 
 Mayer
 
 for the benign proposition that the Chairman of the BVA has discretion to choose which decisions to reconsider. Neither the BVA nor the Court of Appeals for Veterans Claims considered the question of whether equitable tolling may apply to 38 U.S.C. § 7105, and for the reasons discussed above, we decline to address the issue.
 

 Accordingly, we affirm the judgment of the Court of Appeals for Veterans Claims.
 

 AFFIRMED.
 

 [1]
 

 . This last refers to a catch-all category that derives from the language of subsection (d)(1), and is understood to mean that issues relevant to an issue already before the court on appeal are properly reviewable, even if not specifically raised or decided below. It does not in itself extend our initial jurisdictional reach.
 
 See Forshey,
 
 284 F.3d at 1351.
 

 [2]
 

 . This amendment was expressly made applicable to cases pending in the Court of Appeals for the Federal Circuit as of the date of enactment, in which a decision had not been rendered as of that date. Veterans Benefits Act of 2002 § 402(b). The case before us is within that frame.
 

 [3]
 

 . Letter from John S. Groat, U.S. Department of Justice (Mar. 10, 2003).