NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-7293

WILLIAM A. ERNE,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

Kenneth M. Carpenter, Carpenter, Chartered, of Topeka, Kansas, argued for claimant-appellant.

Dawn S. Conrad, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee. With her on the brief were Jeffrey S. Bucholtz, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Martin F. Hockey, Jr., Assistant Director. Of counsel on the brief were David R. McLenachen, Deputy Assistant General Counsel, and Tracey P. Warren, Attorney, Office of the General Counsel, United States Department of Veterans Affairs, of Washington, DC.

Appealed from: United States Court of Appeals for Veterans Claims

Judge Lawrence B. Hagel

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-7293

WILLIAM A. ERNE,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims in 05-1745, Judge Lawrence B. Hagel.

———————————————

DECIDED:  July 3, 2008

———————————————

Before MICHEL, <u>Chief Judge</u>, FRIEDMAN, <u>Senior Circuit Judge</u>, and RADER, <u>Circuit Judge</u>.

PER CURIAM.

The United States Court of Appeals for Veterans Claims (Veterans Court) upheld the denial of an effective date earlier than April 11, 1990, for Mr. Erne's 100% disability rating for his service-connected post-traumatic stress disorder (PTSD) and for alcohol abuse and personality disorder secondary to his PTSD.  Further, the Veterans Court upheld the denial of Mr. Erne's claim for a rating of total disability based on individual unemployability before April 11, 1990.  Because Mr. Erne seeks review of factual issues, this case falls outside this court's jurisdiction.  This court therefore <u>dismisses</u>.

I

Mr. Erne served in the U.S. Army from July 1968 to January 1973. In 1987, the Department of Veterans Affairs (VA) regional office (RO) awarded Mr. Erne service connection for PTSD, and assigned an initial rating of 50% disability, effective February 21, 1985. Mr. Erne filed a Notice of Disagreement. The RO subsequently reduced the disability rating from 50 to 30%. Mr. Erne appealed to the Board of Veterans' Appeals (the Board), seeking a higher rating and an earlier effective date. In his October 1989 correspondence submitted in support of his appeal, Mr. Erne argued that he was entitled to a total disability rating. On December 6, 1989, the Board restored Mr. Erne's disability rating to 50% but denied an effective date before February 21, 1985.

On April 11, 1990, Mr. Erne was hospitalized for his service-connected PTSD. The RO treated the VA medical record as an informal claim for an increased rating. The RO denied the claim on July 23, 1990. Mr. Erne appealed to the Board, and then to the Veterans Court. The matter was remanded to the Board, and then in turn, to the RO. In November 1994, the RO awarded Mr. Erne service-connection for alcohol abuse and personality disorder secondary to PTSD and assigned a 100% disability rating, effective April 11, 1990. Mr. Erne appealed to the Board, seeking an earlier effective date.

In March 1998, the Board denied an effective date earlier than April 11, 1990, for the total rating. Mr. Erne appealed to the Veterans Court. While that appeal was pending, on March 24, 2000, the Board denied an effective date earlier than April 11, 1990 for service-connection for alcohol abuse secondary to his PTSD. Mr. Erne also appealed this decision to the Veterans Court. Because the issues in both appeals were intertwined, the Veterans Court consolidated the appeals and remanded to the Board

upon the joint motion of the parties to assess the impact, if any, of the Veterans Claims Assistance Act of 2000.

On February 6, 2002, the Board again denied Mr. Erne's request for an earlier effective date. Mr. Erne appealed the Board's decision to the Veterans Court. On December 10, 2002, the Veterans Court granted the motion for remand to the Board. The Board remanded Mr. Erne's claims to the RO on July 14, 2003.

In August 2004, the RO found clear and unmistakable error (CUE) on the basis that Mr. Erne's October 1989 correspondence to the Board should have been treated as an informal claim for an increased disability rating. The RO assigned a 100% disability rating for service-connected PTSD with alcohol abuse and personality disorder, with an effective date of October 12, 1989. Mr. Erne appealed to the Board, seeking an earlier effective date.

In its March 2005 decision, the Board disagreed with the RO. The Board held that the August 2004 RO decision was an improper revision of the Board's final December 1989 decision because the RO does not have the authority to review and revise Board determinations. The Board then denied an effective date earlier than April 11, 1990, for all of Mr. Erne's claims. Mr. Erne appealed to the Veterans Court.

On May 29, 2007, the Veterans Court affirmed the Board's March 2005 decision, reviewing the Board's factual determinations for clear error. Mr. Erne timely appealed to this court. Mr. Erne submits that the August 2004 RO decision finding CUE was in reference to its own 1994 decision, not the Board's December 1989 decision.

II

This court has limited jurisdiction to review the decisions of the Veterans Court. 38 U.S.C. §7292. In the absence of a constitutional issue, this court "may not review any challenge to a factual determination or any challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2); Buchanan v. Nicholson, 451 F.3d 1331, 1334 (Fed. Cir. 2006).

Mr. Erne argues that this court has jurisdiction under 38 U.S.C. § 7292(a), as interpreted by this court's precedent in Morgan v. Principi, 327 F.3d 1357 (Fed. Cir. 2003), because the Veterans Court's decision was a "decision . . . on a rule of law."[1] This argument lacks merit. The Veterans Court's decision on appeal was not a "decision . . . on a rule of law." As Mr. Erne concedes, the Veterans Court correctly understood the rule in Smith v. Brown, 35 F.3d 1516 (Fed. Cir. 1994). Because Mr. Erne is not challenging the Veterans Court's interpretation or understanding of any rule of law, Congress' limited additional grant of jurisdiction under 38 U.S.C. § 7292(a) does not encompass this appeal.

Further, this court lacks jurisdiction to review the Veterans Court's factual determination with respect to an earlier effective date for benefits or to review the Veterans Court's application of law in its decision to uphold the April 11, 1990 effective date.

For these reasons, this appeal is dismissed for lack of jurisdiction.

---

[1] Congress expanded this court's jurisdiction in 2002, amending § 7292(a) to provide that any party to a case before the Court of Appeals for Veterans Claims "may obtain a review of the decision with respect to the validity of a decision of the Court on a rule of law or of any statute or regulation . . . or any interpretation thereof . . . that was relied on by the Court in making the decision." § 7292(a).

DISMISSED

## COSTS

Each party shall bear its own costs.