NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CANDIDO B. MARASIGAN,**
*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2011-7053

---

Appeal from the United States Court of Appeals for Veterans Claims in 08-2304, Judge Robert N. Davis.

---

Decided: August 9, 2011

---

CANDIDO B. MARASIGAN, of Bayombong, Nueva Vizcaya, Philippines, pro se.

K. ELIZABETH WITWER, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With her on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and TODD M. HUGHES, Deputy Director. Of counsel on the

brief was MICHAEL J. TIMINSKI, Deputy Assistant General Counsel, United States Department of Veterans Affairs, of Washington, DC.

---

Before RADER, *Chief Judge*, LOURIE, and O'MALLEY, *Circuit Judges*.

PER CURIAM.

Mr. Candido B. Marasigan appeals the decision of the United States Court of Appeals for Veterans Claims ("Veterans Court"), affirming the Board of Veterans' Appeals' ("Board's") decision concluding that Mr. Marasigan did not submit sufficient new and material evidence to reopen an earlier claim. *Marasigan v. Shinseki*, No. 08-2304, 2010 U.S. App. Vet. Claims LEXIS 1524 (Ct. Vet. App. Aug. 23, 2010). Because Mr. Marasigan's sole argument was not presented to the Veterans Court, and is merely an assertion that we should interpret a statute in a manner completely at odds with its express terms, we *dismiss* for lack of subject matter jurisdiction.

BACKGROUND

Mr. Marasigan served in the United States Armed Forces of the Far East ("USAFFE") during World War II. In November 1971, he applied to the Department of Veterans Affairs ("VA") for benefits. Because his name appeared in records seized from the Bureau of the Constabulary – a pro-Japanese organization formed during Japan's occupation of the Philippines – the VA undertook an investigation into Mr. Marasigan's possible involvement with the organization. In a July 1976 decision, the VA's Compensation and Pension Service determined that Mr. Marasigan participated in the Bureau of the Constabulary from May 1943 to December 1944 and had worn a uniform, carried a weapon, and received training from

the Bureau. Based on these findings, the VA concluded that Mr. Marasigan had assisted the Japanese in their efforts against the United States and its allies and had, thereby, forfeited all rights, claims, and benefits to which he might otherwise be entitled as a veteran. Mr. Marasigan did not file a timely notice of disagreement, and the decision became final.

Nearly three decades later, on March 1, 2004, Mr. Marasigan requested disability benefits for medical conditions he claims are related to his service in the USAFFE. The regional office denied the claim on the basis that Mr. Marasigan had forfeited his entitlement to any such benefits. Mr. Marasigan appealed to the Board, arguing that, since the July 1976 decision, he had submitted new and material evidence sufficient to reopen the VA's decision that he had forfeited his entitlement to VA benefits. *See* A18; *Trilles v. West*, 13 Vet. App. 314, 325 (2000) (en banc) ("[A] VA benefits recipient or claimant who has been the subject of a final decision declaring forfeiture of eligibility for VA benefits may have that final decision reopened upon the presentment of new and material evidence or revised based on a finding of [clear and unmistakable error] in the original forfeiture decision."). Upon review of Mr. Marasigan's submissions, the Board found that "the evidence received since July 1976 [was] either cumulative of the evidence considered in that decision or [did] not relate to the central question of whether the veteran was a member of the [Bureau of the Constabulary]." A17. Consequently, the Board concluded that there was no basis to reopen the 1976 forfeiture decision.

Mr. Marasigan appealed to the Veterans Court. His sole argument was that the Board erred in determining that he failed to submit new and material evidence sufficient to reopen the original forfeiture decision. Discerning

no clear error in the Board's analysis, the Veterans Court affirmed.  Mr. Marasigan timely appealed to this court.

## DISCUSSION

Our jurisdiction to review decisions of the Veterans Court is limited by statute.  *Forshey v. Principi*, 284 F.3d 1335, 1338 (Fed. Cir. 2002) (en banc).  Section 7292(a) of Title 38 provides that this court may review the validity of a Veterans Court's decision on "a rule of law or of any statute or regulation . . . or any interpretation thereof . . . that was relied on by the Court in making the decision."  Under 38 U.S.C. § 7292(d)(2),  however, we may not review: (1) "a challenge to a factual determination" or (2) "a challenge to a law or regulation as applied to the facts of a particular case" unless the challenge presents a constitutional issue.

On appeal, Mr. Marasigan no longer contends that the Board erred in concluding that he failed to submit new and material evidence.  He only asserts that his "dependents . . . should be given shares out of the pensions and benefits of the veteran, which were disallowed by the [VA] for violation of Title 38, United States Code, Section 3504(a)[1] . . . because they have not participated in the commission of the offense" giving rise to the violation. Informal Brief of Appellant ("Vet. Br.") at 2.

In response, the government contends that we lack jurisdiction because Mr. Marasigan raised this argument for the first time on appeal to this court.  According to the

---

[1]    Formerly 38 U.S.C. § 3504(a), the forfeiture provision to which Mr. Marasigan refers is currently numbered 38 U.S.C. § 6104(a) and provides: "Any person shown by evidence satisfactory to the Secretary to be guilty of . . . rendering assistance to an enemy of the United States or of its allies shall forfeit all accrued or future gratuitous benefits under laws administered by the Secretary."

government, "[b]ecause Mr. Marasigan did not raise this argument below, the Veterans Court has not 'relied on' it in its decision" and the new argument, thus, does not satisfy the requirements of 38 U.S.C. § 7292(a). Informal Brief of Appellee ("Gov't Br.") at 10 (citing 38 U.S.C. § 7292(a) (establishing this court's jurisdiction to review Veterans Court decisions "with respect to the validity of a decision of the Court on a rule of law or of any statute or regulation . . . or any interpretation thereof . . . that was *relied on* by the [Veterans] Court . . .") (emphasis added)).

The government cites *Smith v. West*, 214 F.3d 1331 (Fed. Cir. 2000) in support of its jurisdictional argument. *Smith* was decided before Congress enacted the Veterans Benefits Act of 2002 ("VBA"), Pub.L. No. 107-330, however, "which modified our jurisdiction over appeals from the Veterans Court." *Flores v. Nicholson*, 476 F.3d 1379, 1381 (Fed. Cir. 2007) (citing *Morgan v. Principi*, 327 F.3d 1357, 1360-61 (Fed. Cir. 2003)). As we held in *Morgan*, the VBA expanded our jurisdiction to include cases "in which the decision below regarding a governing rule of law would have been altered by adopting the position being urged . . . even though the issue underlying the stated position was not 'relied on' by the Veterans Court." *Morgan*, 327 F.3d at 1359, 1363 (jurisdiction proper even though the veteran's sole argument on appeal was "not presented to or considered by either the" Board or the Veterans Court); *see also Wilson*, 391 F.3d at 1203 ("[T]he VBA added a new jurisdictional basis to our review statute – 'rule of law' jurisdiction – under which we may review a decision with respect to a rule of law even though that rule of law was not 'relied on' by the [Veterans] Court.").[2]

---

[2]    In *Wilson*, we clarified the contours of this new "rule of law" jurisdiction and explained that "a 'rule of

We do not read *Morgan*, however, to mean that a claimant may confer jurisdiction on this court by raising, for the first time, an "interpretation" of a statute that is directly at odds with its express terms. Mr. Marasigan's assertion that his dependents should be given shares of his pensions and benefits notwithstanding his forfeiture under 38 U.S.C. § 6104 contravenes the plain language of the statute he asks us to interpret. Section 6104 provides that, "[i]n the case of any forfeiture under this section there shall be no authority after September 1, 1959" to "make an apportionment award" to "the dependents of the person forfeiting such benefits." Mr. Marasigan did not apply for benefits until November 1971, and his forfeiture was not declared until July 1976 – well after the September 1959 cutoff imposed by § 6104. *See* 38 C.F.R. § 3.902 (authorizing the Secretary to apportion benefits to dependents "[w]here [the] forfeiture for treasonable acts *was declared* before September 2, 1959," but prohibiting apportionment for "[f]orfeiture after September 1, 1959") (emphasis added). Consequently, this case does not involve a "position being urged" in the sense contemplated by *Morgan* – it involves an assertion that directly contradicts the plain meaning of a controlling statute. This cannot be sufficient to confer jurisdiction under *Morgan* or otherwise.

---

law' within the meaning of 38 U.S.C. § 7292 as amended is not limited to those judicially created, but . . . includes legislatively created law as well." *Wilson*, 391 F.3d at 1209 (holding that we "ha[d] 'rule of law' jurisdiction" to entertain the claimant's argument regarding the applicability of a statute, even though it was never raised before the Veterans Court); *see also Flores*, 476 F.3d at 1381-82 (reaching claimant's argument regarding the proper interpretation of a statute notwithstanding the government's contention that we lacked jurisdiction because the Veterans Court "did not interpret or 'rely upon' [the] statute").

We, accordingly, dismiss for lack of subject matter jurisdiction.

Each party shall bear its own costs.

**DISMISSED**