NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**PERRY R. ALEXCE,**
*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2010-7073

---

Appeal from the United States Court of Appeals for Veterans Claims in Case No. 06-3559, Judge Robert N. Davis.

---

Decided: October 6, 2011

---

NAOMI E. FARVE, of New Orleans, Louisiana, for claimant-appellant.

JANE W. VANNEMAN, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With her on the brief were TONY WEST,

Assistant Attorney General, JEANNE E. DAVIDSON, Director, and BRIAN M. SIMKIN, Assistant Director. Of counsel on the brief was DAVID J. BARRANS, Deputy Assistant General Counsel, United States Department of Veterans Affairs, of Washington, DC. Of counsel was KRISTIANA M. BRUGGER, Attorney, United States Department of Veterans Affairs, of Washington, DC.

---

Before LOURIE, BRYSON, and DYK, *Circuit Judges*.

PER CURIAM.

## DECISION

Perry R. Alexce appeals from the decision of the Court of Appeals for Veterans Claims ("the Veterans Court") seeking to overturn a decision of the Board of Veterans' Appeals that denied his request for an increase in his disability rating for purposes of disability compensation from the Department of Veterans Affairs ("DVA").

## BACKGROUND

Mr. Alexce, a veteran, is currently receiving disability compensation from the DVA for a service-connected post-surgical knee condition. The DVA assigned him a disability rating of 10 percent for his condition, effective December 4, 2001. Mr. Alexce requested that his rating be increased, and he submitted medical records in support of his request. A DVA regional office denied his request, and the Board of Veterans' Appeals upheld the regional office's decision not to increase his rating.

Mr. Alexce appealed that decision to the Veterans Court. Before that court, Mr. Alexce made only a single argument—that the DVA had destroyed certain medical records that he had submitted in support of his claim for an increased disability rating and that sanctions should be imposed for the destruction of the records, including a presumption that the records would have shown that Mr. Alexce was entitled to a disability rating greater than 10 percent.

The Veterans Court affirmed the Board's decision, rejecting Mr. Alexce's argument that the DVA's destruction of Mr. Alexce's records entitled him to relief. The court noted that, according to the DVA, the records that were destroyed were duplicative of medical records already in the claims file and that the destruction of duplicative material is a standard procedure dictated by the DVA's internal adjudication procedure manual. In the absence of evidence to the contrary, the court assumed that the DVA had properly discharged its duties by destroying only records that were duplicative. The court added that "if it could be shown that documents were destroyed that were both nonduplicative and relevant, such developments could have substantially different implications."

In a motion for reconsideration, Mr. Alexce did not take issue with the DVA's representation that the destroyed records were duplicative, but argued that the "unilateral removal of relevant documents from Appellant's claim file, without prior notice to Appellant, was a violation of Appellant's due process right to a fair hearing and determination of his case." The Veterans Court denied reconsideration without comment.

DISCUSSION

Mr. Alexce renews his argument that the destruction of his medical records constituted spoliation of evidence and violated his due process rights. The government responds that this court lacks jurisdiction to address those claims and that, in any event, Mr. Alexce's argument fails on the merits.

Although the government contends that Mr. Alexce's argument is fact-based and therefore not within this court's jurisdiction, we understand his argument to be, at least in part, that any destruction of medical records that he submitted to the DVA constitutes spoliation and violates due process, regardless of whether those records are duplicative or relevant to his claim. As such, Mr. Alexce's argument is not fact-based; if his broad legal theory were accepted, he would prevail. This court therefore has jurisdiction to address that argument. *See Andrews v. Nicholson*, 421 F.3d 1278, 1281 (Fed. Cir. 2005); *Morgan v. Principi*, 327 F.3d 1357, 1363 (Fed. Cir. 2003); *Madden v. Gober*, 125 F.3d 1477, 1480 (Fed. Cir. 1997). Moreover, to the extent that Mr. Alexce's argument is constitutional in nature, the fact that we are asked to address factual issues does not defeat our jurisdiction. *See* 38 U.S.C. § 7292(d)(2).

While we have jurisdiction to address Mr. Alexce's argument, we find that it is entirely lacking in merit. There is no evidence that the documents that were destroyed were anything other than duplicative of records already in the claim file. The only evidence in the record relating to the destruction of documents is an entry made on a regional office document stating "Duplicate VA tx [i.e, treatment] records destroyed 2-17-05." Mr. Alexce offered nothing to suggest that any materials he submitted that

were not duplicative were missing from the file, much less suggesting what those materials might have said that could be helpful to his claim.

There is no force to the argument that the destruction of duplicative materials constitutes spoliation of evidence or that there is anything improper in the DVA's practice of retaining only a single copy of particular medical records in veterans' claim files in an effort to maintain orderly records. The routine destruction of duplicative documents does not present the risk of denying an adversary access to relevant information, which is what the doctrine of spoliation is directed to. *See Jandreau v. Nicholson*, 492 F.3d 1372, 1375 (Fed. Cir. 2007) (holding that an adverse inference for spoliation of evidence requires proof that evidence was destroyed "with a culpable state of mind" and that it was "relevant to the party's claim or defense"); *see also Kirkendall v. Dep't of the Army*, 573 F.3d 1318, 1325-27 (Fed. Cir. 2009) (spoliation found when agency destroyed relevant documents in violation its own document retention program and petitioner made a "compelling case" that his effort to prove his case was hampered by the destruction of the documents). There was no showing that the destruction of the duplicate records in this case was contrary to routine agency practice or was done to deprive Mr. Alexce of relevant evidence, and there is no showing that the absence of duplicate copies of records already found in the file in any way deprived Mr. Alexce of relevant evidence with which to support his claim. Like the Veterans Court, we therefore reject Mr. Alexce's theory of spoliation.

As for Mr. Alexce's argument that the destruction of his records deprived him of due process, Mr. Alexce did not make that argument until his motion for reconsideration in the Veterans Court; it was therefore not timely

raised. In any event, there is no force to the argument. Due process ensures a party a meaningful right to be heard with respect to the denial of important governmental benefits, including veterans disability benefits. *Cushman v. Shinseki*, 576 F.3d 1290, 1298-1300 (Fed. Cir. 2009). The routine destruction of duplicative medical records was not shown to have had any effect whatsoever on Mr. Alexce's right to be heard with regard to his claim for increased disability benefits. Absent any arguable effect on his ability to prove his right to those benefits, Mr. Alexce cannot demonstrate an impairment of his opportunity to be heard with respect to those benefits. We therefore sustain the decision of the Veterans Court.

## AFFIRMED

No costs.