NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JOSEPH E. WHIMPLE,**
*Claimant-Appellant,*

v.

**Eric K. Shinseki, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2012-7055

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 10-0230, Judge John J. Farley, III.

---

Decided: March 28, 2013

---

GEORGE E. QUILLIN, Foley & Lardner, LLP, of Washington, DC, for claimant-appellant. With him on the brief was MORGAN J. WEST.

L. MISHA PREHEIM, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC. With him on the brief were

STUART F. DELERY, Acting Assistant Attorney General, JEANNE E. DAVIDSON, Director, and TODD M. HUGHES, Deputy Director. Of counsel on the brief were MICHAEL J. TIMINSKI, Deputy Assistant General Counsel, and CHRISTA A. SHRIBER, Attorney, United States Department of Veterans Affairs, of Washington, DC.

———————————

Before RADER, *Chief Judge,* LOURIE, and O'MALLEY, *Circuit Judges.*

PER CURIAM.

The United States Court of Appeals for Veteran Claims (Veterans Court) affirmed the decision of the Board of Veterans' Appeals (Board) that Joseph E. Whimple was not entitled to a compensable disability rating for his chronic low back pain. Because Whimple only presents issues of fact beyond its statutory jurisdiction, this court *dismisses.*

I.

Whimple served on active duty in the Marine Corps from February 1970 to December 1976. In July 1976, Whimple complained of low back pain and was diagnosed with a paraspinatus muscular sprain. In 1977, a year after he was discharged, Whimple was awarded service connection for his low back pain but was assigned a noncompensable rating. This noncompensable rating was based in part on an April 1977 VA examination showing that Whimple had normal spinal alignment, as reflected by x-ray, and full range of motion in his cervical spine, as shown by medical evaluation. Whimple did not appeal this decision and it became final.

In 1988, Whimple sustained a post-service injury to the same area of his lower back while working for his private employer. He was diagnosed with lumbosacral

degenerative disc disease, which required corrective surgery. In 1995, he reinjured his lower back when he stepped into a hole while carrying his son on his shoulders. His treating doctor at the time noted that Whimple's history of back pain dated back to 1989, more than twelve years after his discharge from the Marine Corps. In 1995, Whimple again underwent back surgery to have several spinal discs fused.

In January 1997, Whimple requested an increased disability rating for his low back pain and also requested a new service connection related to his lumbosacral degenerative disc disease. In June 1997, these requests were denied.

In June 2000, Whimple again requested an increased disability rating for his low back pain, and he also requested to re-open his claim for service connection for lumbosacral degenerative disc disease. In February 2001, upon denial of his requests, Whimple appealed the decision. In May 2007, the Board remanded the claim for his low back pain in light of newly presented private medical records. The Board stated its intention "to ensure that there is a complete record upon which to decide the veteran's claim so that he is afforded every possible consideration." J.A. 118.

In June 2008, while Whimple's back pain claim was still under review, he raised a new claim of entitlement to service connection for a hip condition. In an August 2009 letter to the Board, Whimple claimed that while in the Marine Corps, he suffered from a condition called Bilateral OS Actibulle, which is a misplacement of the hips. Whimple further claimed that a doctor later advised him that this hip condition "could most certainly cause issues with the lower back including the disc." J.A. 33.

In 2009, the Board denied Whimple's back pain claim, finding that "the most probative medical opinions (*i.e.* those accompanied by a review of the claims file including

the Veteran's service treatment records) do not correlate the current low back pain with in-service injury." J.A. 24. The Board also found that "private medical opinions of record attribute the Veteran's low back problems to either an injury occurring in 1988 (twelve years after service) or/and degenerative disc disease." *Id.* Whimple appealed to the Veterans Court.

Before the Veterans Court, Whimple advanced several theories of error, none of which are on appeal to this court. The Veterans Court rejected his appeal. On appeal to this court, Whimple argues for the first time that his back pain is "inextricably intertwined" to his hip condition. Therefore, he argues, the Veterans Court erred by not postponing judgment on his back pain claim until after the Board resolved his hip condition claim.

## II.

This court's jurisdiction to review a decision of the Veterans Court extends to "the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the [Veterans] Court in making the decision." 38 U.S.C. § 7292(a). This court may not, unless a constitutional challenge is presented, "review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2).

Whimple alleges for the first time on appeal that his back pain is "inextricably intertwined" with his hip condition, i.e. the two conditions are so intimately connected that one cannot be properly assessed without consideration of the other. *See Harris v. Derwinski*, 1 Vet. App. 180, 183 (1991) *overruled on other grounds by Tyrues v. Shinseki*, 23 Vet. App. 166 (2009).

Whimple did not present and the Veterans Court did not consider this argument. Nonetheless, Whimple asserts that this court has "rule of law" jurisdiction over this appeal. This court may assert jurisdiction where "the decision below regarding a governing rule of law would have been altered by adopting the position being urged, . . . even though the issue underlying the stated position was not 'relied on' by the Veterans Court." *Morgan v. Principi*, 327 F.3d 1357, 1363 (Fed. Cir. 2003) (ultimately declining jurisdiction as a prudential matter). Here, Whimple argues the "governing rule of law" that would have altered the decision below is the inextricably intertwined doctrine.

Whimple's argument, however, has a fatal flaw. In order for this court to accept "rule of law" jurisdiction over this appeal, it must as a threshold matter determine whether Whimple's back pain is indeed inextricably intertwined with his hip condition, a factual matter this court cannot consider.

Whimple relies on his 2009 letter to the Board, which explained that a doctor told him that his hip condition "could most certainly cause issues with the lower back including the disc." Resp. Br. 2. This single hearsay statement raises a factual matter. In addition, the Board found as a matter of fact that "the most probative medical opinions (*i.e.* those accompanied by a review of the claims file including the Veteran's service treatment records) do not correlate [Whimple's] current low back pain with in-service injury." J.A. 24. The Board also found that "private medical opinions of record attribute the Veteran's low back problems to either an injury occurring in 1988 (twelve years after service) or/and degenerative disc disease." *Id.* Under 38 U.S.C. § 7292(d)(2), this court lacks jurisdiction to reconsider these factual determinations.

Even if section 7292(d)(2) was not a barrier to Whimple's appeal, this court declines to exercise jurisdiction for prudential reasons. As in *Morgan*, the first case to recognize "rule of law" jurisdiction under Congress's 2002 amendment to 38 U.S.C. § 7292, "this case does not fall within any of the carefully defined exceptions in which we should consider an argument not made below." *Morgan*, 327 F.3d at 1364. Indeed, there has been no new statute or change in jurisprudence since the decision by the Veterans Court; Whimple did not appear pro se but rather was and still is represented by the same experienced counsel; and this is not a case in which this court may decide to apply the correct law to an issue properly before the court because the inextricably intertwined doctrine was never considered at all by the Veterans Court. *Id*. Although this list of exceptions is not exhaustive, this court declines Whimple's invitation to look beyond them.

For these reasons, this court dismisses this appeal for lack of jurisdiction.

**DISMISSED**