NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JAMES ABELS,**
*Claimant-Appellant*

**v.**

**ROBERT WILKIE, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2018-1484

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 16-2003, Judge Michael P. Allen.

---

Decided: February 14, 2019

---

ALEXANDRA H. GAISER, Akin Gump Strauss Hauer & Feld LLP, Washington, DC, argued for claimant-appellant. Also represented by DAVID A. APPLEBAUM; HAROLD HAMILTON HOFFMAN-LOGSDON, III, Veterans Legal Advocacy Group, Arlington, VA.

WILLIAM JAMES GRIMALDI, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee. Also represented by ROBERT EDWARD KIRSCHMAN, JR.,

LOREN MISHA PREHEIM, JOSEPH H. HUNT; BRANDON A. JONAS, Y. KEN LEE, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

————————————

Before LOURIE, BRYSON, and MOORE, *Circuit Judges.*

BRYSON, *Circuit Judge.*

James Abels, a veteran, appeals from a decision of the Court of Appeals for Veterans Claims ("the Veterans Court"), which affirmed a decision of the Board of Veterans' Appeals denying his claim for benefits. We vacate the Veterans Court's judgment and remand for further proceedings.

I

Mr. Abels claims that he was injured in an accident that occurred in 1964, while he was on active duty with the U.S. Army. Beginning in 2007, he filed a series of claims, asserting service-connection for several medical conditions, including orthopedic problems with his left shoulder and both knees. After extended proceedings, Mr. Abels was examined by a Department of Veterans Affairs ("DVA") physician who concluded that Mr. Abels' conditions were "less likely than not incurred in or caused by an in-service injury, event, or illness." After the regional office denied Mr. Abels' claim, he appealed to the Board of Veterans' Appeals, which sustained the finding of no service connection for any of his injuries.

On appeal to the Veterans Court, Mr. Abels raised two issues: whether his DVA medical examination was sufficient and whether the DVA should have sought and obtained the medical records of a private physician who examined Mr. Abels in 2013 ("the Western Orthopedics records"). The court held, first, that it was reasonable for the Board to conclude, as it did, that the DVA medical examination and report were adequate. Second, the court held

that the DVA did not violate its duty to assist Mr. Abels by not obtaining the Western Orthopedics records, because those records "had no possibility of substantiating appellant's claim beyond what he had already established and/or what the Secretary had already conceded."

On appeal to this court, Mr. Abels makes four arguments: (1) that the Veterans Court committed an error of law in determining that the Western Orthopedics records were not relevant; (2) that the DVA improperly failed to obtain Mr. Abels' service records; (3) that the DVA medical examination was inadequate in light of the absence of the Western Orthopedics records and service medical records; and (4) that the Veterans Court denied Mr. Abels the statutory right to the "benefit of the doubt" that applies when there is an approximate balance of positive and negative evidence regarding any issue material to a veteran's claims for benefits. 38 U.S.C. § 5107(b).

II

Of the four issues raised by Mr. Abels, only one—the first—is properly before us. The second and fourth issues were not raised before the Veterans Court, and Mr. Abels has not offered any persuasive reason why we should not treat those issues as waived. *See Morgan v. Principi*, 327 F.3d 1357, 1364 (Fed. Cir. 2003). As to the third issue regarding the adequacy of the medical examination, Mr. Abels' current argument is entirely different from his argument before the Veterans Court, where he argued that the DVA physician's opinion and rationale should not be regarded as "medical evidence" because it could have been provided by a lay person. Given the difference between that argument and the one Mr. Abels now raises with respect to the adequacy of the medical examination, we regard that issue as waived as well. *See id.*

The remaining issue is whether the Veterans Court committed legal error in the course of determining that the Western Orthopedics records were irrelevant and that the

failure to seek those records therefore did not violate the DVA's duty to assist the veteran in pursuing his claim.

The government argues that this court lacks jurisdiction to address the relevance of the Western Orthopedics records, because that issue is factual in nature or, at most, entails the application of law to fact. As such, the government contends, the issue is not within our reviewing authority in appeals from the Veterans Court. *See* 38 U.S.C. § 7292. We disagree. Mr. Abels has couched his arguments as to the Western Orthopedics records in terms of the legal standards applied by the Veterans Court to the issue of relevance. We have confined our review to the legal principles governing the Veterans Court's analysis. And our decision on the legal issue on which we focus affects the outcome of the appeal. We therefore have jurisdiction to decide this issue. *See Morgan*, 327 F.3d at 1363; *see also Burris v. Wilkie*, 888 F.3d 1352, 1356 (Fed. Cir. 2018) (court has jurisdiction to review issues of the jurisdiction of the Veterans Court); *Lamour v. Peake*, 544 F.3d 1317, 1320–21 (Fed. Cir. 2008) ("Even where factual disputes may remain, we have authority to decide whether the Veterans Court applied the correct legal standard.").

Although the DVA was aware of the existence of the Western Orthopedics records, it did not seek to obtain them. In its opinion, the Board of Veterans' Appeals did not advert to the question whether it was error for the DVA not to obtain those records. Before the Veterans Court, Mr. Abels argued that the records were relevant on their face because they refer to his current conditions. The Veterans Court, however, concluded that the records were not relevant, and that the DVA therefore did not violate its duty to assist Mr. Abels in prosecuting his claim.

The Veterans Court reasoned that the Western Orthopedics records are not relevant because they are recent treatment records, "which would not assist in substantiating the missing element of [Mr. Abels'] claim for service

connection," i.e., the causal nexus between Mr. Abels' current condition with his in-service injury. **[J.A.11]** The court noted that Mr. Abels had testified that the Western Orthopedics physician who treated him had not offered a firm conclusion that his injuries were related to the in-service event, although Mr. Abels related that the physician had said that it may be "more than coincidental" that he had suffered a large number of painful orthopedic issues and that "a common or primary cause appears to be a very reasonable deduction." **[J.A. 183]** Because the court found that the physician's opinion, as related by Mr. Abels, "falls short of the preponderance of evidence necessary to establish service connection," the court concluded that the duty to assist did not extend to the Western Orthopedics records because the records had "no possibility of substantiating [Mr. Abels'] claim beyond what he had already established and/or what the Secretary had already conceded." **[J.A. 11]**

Among the challenges that Mr. Abels raises to the Veterans Court's analysis is that the court made a finding in the first instance of a fact critical to the resolution of Mr. Abels' claim, i.e., the factual issue of the relevance *vel non* of the Western Orthopedics records. Appellant's Br. 21–22. Notably, the Board of Veterans' Appeals made no such finding, as the Board did not even advert to the problem that the Western Orthopedics records were not obtained. The Veterans Court made the relevance finding on its own.

It may be that the Western Orthopedics records will ultimately be determined to be irrelevant. But that is a finding that must be made in the first instance by a finder of fact, in this case the Board of Veterans' Appeals. It is not a determination that can be the subject of appellate fact-finding.

As a general matter, fact-finding by an appellate court is improper. *See Icicle Seafoods, Inc. v. Worthington*, 475 U.S. 709, 714 (1986) ("If the Court of Appeals believed that

the District Court had failed to make findings of fact essential to a proper resolution of the legal question, it should have remanded to the District Court to make those findings. . . . But it should not simply have made factual findings on its own."). The same principle applies to veterans appeals, as both this court and the Veterans Court have recognized. *See Sullivan v. McDonald*, 815 F.3d 786, 792 (Fed. Cir. 2016) ("'[A]ppellate tribunals are not appropriate fora for initial fact finding.'" (quoting *Hensley v. West*, 212 F.3d 1255, 1263 (Fed. Cir. 2000)); *Andre v. Principi*, 301 F.3d 1354, 1362 (Fed. Cir. 2002) ("We have recognized that 38 U.S.C. § 7261(c), which provides that '[i]n no event shall findings of fact made by the Secretary or the Board . . . be subject to trial de novo by the Court,' prohibits the Veterans Court from making factual findings in the first instance."); *Webster v. Derwinski*, 1 Vet. App. 155, 159 (1991) ("Because we are a Court of review, it is not appropriate for us to make a de novo finding, based on the evidence [of a factual matter].").

The determination of whether a particular item is relevant typically turns on "the evaluation and weighing of evidence," tasks that "are factual determinations committed to the factfinder—in this case, the Board." *Deloach v. Shinseki*, 704 F.3d 1370, 1380 (Fed. Cir. 2013). The Veterans Court "must *review* the Board's weighing of the evidence; it may not weigh any evidence itself." *Id.*

This court's decision in *Sullivan v. McDonald*, *supra*, is on point. There, the court held that the Veterans Court had engaged in improper appellate factfinding when it found that certain medical records were not relevant, an issue that the Board in that case had not considered. *Sullivan*, 815 F.3d at 792.

The same analysis applies here. In finding that the Western Orthopedics records "would not assist in substantiating the missing element of [Mr. Abels'] claim for service connection" and therefore were irrelevant, the Veterans

Court drew factual conclusions about what the missing records would likely reveal and what inferences about causation the examining physician could draw based on Mr. Abels' current condition.[1] In light of the Veterans Court's role as a reviewing court, those factual determinations are not within its authority to make in the first instance.

The government defends the Veterans Court's determination that the Western Orthopedics records would be irrelevant on the ground that in substance what the Veterans Court did as to that issue was to make a finding of harmless error on the part of the Board. *See* Appellee's Br. 29–30. It is true that the Veterans Court has statutory authority to make determinations of harmless error, *see* 38 U.S.C. § 7261(b), an authority that authorizes the court to consider "the facts and circumstances of the particular case," *see Shinseki v. Sanders*, 556 U.S. 396, 408 (2009). But that is not what the Veterans Court said it was doing in this case. In sequential portions of its opinion, the court addressed, first, the issue of the relevance of the Western Orthopedics records and, second, the issue of whether the Board erred by not providing adequate reasons and bases for its decision not to obtain those records. As to the second, the court expressly based its decision on harmless error. But as to the first, the court made no mention of

---

[1] The government acknowledges that the Veterans Court's determination that the Western Orthopedics records would not assist Mr. Abels' claim is an issue of fact. *See* Appellee's Br. 18. Although the government makes that assertion in the context of its argument that this court lacks jurisdiction over Mr. Abels' appeal, the point is equally applicable to the scope of the Veterans Court's authority to review decisions of the Board of Veterans' Appeals and the limitations on the authority of the Veterans Court to make initial findings of fact. *See Sullivan*, 815 F.3d at 792–93.

harmless error and instead found that the Board committed no error at all, based on the court's analysis of the relevance issue.  The government's argument that the court's decision on the issue of relevance can be sustained on a harmless error theory is thus contrary to the grounds explicitly invoked by the court to support its ruling.

We vacate the judgment of the Veterans Court and remand for further proceedings with regard to the Western Orthopedics records, which we understand the appellant has obtained and is prepared to submit into the record on remand.

**VACATED AND REMANDED**