Citation Nr: 1441514 
Decision Date: 09/17/14 Archive Date: 09/22/14

DOCKET NO. 12-05 053 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Manila, the Republic of the Philippines


THE ISSUE

Whether the appellant may be recognized as the surviving spouse of the Veteran for the purpose of VA death benefits. 


ATTORNEY FOR THE BOARD

S. Gordon, Associate Counsel 







INTRODUCTION

The Veteran served in the Philippine Commonwealth Army from December 1941 to October 1942 and from August 1945 to February 1946. He was a prisoner of war from April 1942 to September 1942. The Veteran died in July 2010. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a September 2010 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Manila, the Republic of the Philippines. 

In addition to the paper claims file, there is a Virtual VA paperless claims file associated with the Veteran's claims. The documents in this file have been reviewed and considered as part of this appeal.


FINDINGS OF FACT

1. The appellant and the Veteran were residents of the Republic of the Philippines when they entered into a common-law marriage in 2006, and the appellant and the Veteran were residing in the Republic of the Philippines, where the Veteran died in July 2010.

2. Common-law marriage is not recognized by the Republic of the Philippines.
 
3. The appellant and the Veteran were never legally married prior to the Veteran's death, and the marriage cannot be deemed valid for purpose of the appellant's entitlement to VA death benefits.




CONCLUSION OF LAW

The appellant is not entitled to recognition as the surviving spouse of the Veteran for purpose of VA benefits. 38 U.S.C.A. § 101(3), 103 (West 2002 & Supp. 2013); 38 C.F.R. §§ 3.1(j), 3.50, 3.53, 3.205, 3.206 (2013).


REASONS AND BASES FOR FINDINGS AND CONCLUSION

Duties to Notify and Assist

The VCAA, codified in part at 38 U.S.C.A. §§ 5103, 5103A, and implemented in part at 38 C.F.R § 3.159, amended VA's duties to notify and to assist a claimant in developing information and evidence necessary to substantiate a claim.

The VCAA does not apply in this case, because there is no reasonable possibility that any further assistance would aid the appellant in substantiating the claim. See Dela Cruz v. Principi, 15 Vet. App. 143, 149 (2001) (The U.S. Court of Appeals for Veterans Claims held that the VCAA does not apply to a claim if there has been factual development and there is no reasonable possibility that any further assistance would aid the appellant in substantiating the claim.).

Governing Law and Regulations

The term "marriage" means a marriage valid under the law of the place where the parties resided at the time of marriage or the law of the place where the parties resided when the rights to benefits accrued. 38 U.S.C.A. § 103(c); 
38 C.F.R. § 3.1(j) (2013).

The appellant and Veteran resided in the Philippines, where they were married, and the appellant and Veteran resided in the Philippines, where the Veteran died. 
A "spouse" is defined as a person of the opposite sex who was married to the Veteran at the time of the Veteran's death and who lived with the Veteran continuously from the date of the marriage to the date of the Veteran's death except where there was a separation which was due to the misconduct of, or procured by, the Veteran without fault of the spouse. And the surviving spouse had not remarried since the death of the Veteran or lived with another person of the opposite sex and held herself out openly to the public to be the spouse of another other person. 38 U.S.C.A. § 101(3); 38 C.F.R. § 3.50(b). 

In the absence of conflicting information, proof of marriage by a copy of the public record of marriage containing sufficient data to identify the parties, date and place of marriage, and the number of prior marriages if shown on the official record along with a certified statement by the appellant concerning the date, place, and circumstances of the dissolution of any prior marriage may be accepted as establishing a valid marriage. Where there is conflicting information, proof of termination of a prior marriage will be shown by proof of death or a certified copy or abstract of a final divorce decree or annulment. 38 C.F.R. § 3.205(a), (b). 

Under Article 34 of the Family Code of the Philippines, no license is necessary for the marriage of a man and a woman who have lived together as husband and wife for at least five years and without any legal impediment to marry each other. The contracting parties shall state the foregoing facts in an affidavit before any person authorized by law to administer oaths. The solemnizing officer shall also state under oath that the qualifications of the contracting parties have been met and there was no legal impediment to the marriage. 

The United States Court of Appeals for Veterans Claims has held that Article 34 does not allow common-law marriage in the Philippines. See Sandoval v. Brown, 7 Vet. App. 7, 10 (1994). The lack of recognition of common-law marriage in the Philippines is therefore a legal impediment. See Lamour v. Peake, 544 F.3d 1317, 1321-22 (2008); Colon v. Brown, 9 Vet. App. 104 (1996).
Analysis

The appellant seeks status as the surviving spouse of the Veteran for the purpose of eligibility for Department of Veterans Affairs death benefits.

The Veteran, who had qualifying service, died in July 2010. The appellant and the Veteran were residents of the Republic of the Philippines when they married in August 2006, which was solemnized under Article 34 of the Family Code of the Philippines (Article 34) in December 2008. The appellant and the Veteran were residing in the Republic of the Philippines, where the Veteran died in July 2010.

In September 2010, the RO denied the appellant's claim for VA benefits as a surviving spouse of the Veteran. In the same month, the RO notified the appellant that since her marriage to the Veteran was solemnized under Article 34 of the Family Code of the Philippines (Article 34), additional evidence was needed, such as an affidavit that she and the Veteran lived in a wife and husband relationship for at least five years before their marriage and that there was no legal impediment to the marriage.

The record shows that the Veteran was previously married to another woman, [redacted], who according to death certificated died in September 1998. The appellant also previously married to [redacted], who according to a death certificate died in August 2000.

A copy of a Certificate of Marriage shows that the appellant and the Veteran solemnized their marriage in December 2008. The solemnizing officer certified that no marriage license was necessary, as the marriage was being solemnized under Article 34. In an accompanying and separate Joint Affidavit in August 2006, signed and sworn by the appellant and the Veteran, they stated that they had been living together for the past five years without children and that they wanted to solemnize their marriage in accordance with Article 34 and that there was no legal impediment to the marriage.

In a January 2007 anonymously signed letter, written by a "citizen of Sto. Tomas, Pangasinan, residing at Brgy. Salvacion," it was stated that the Veteran and appellant did not live together and that they met at Jollibee every day.

In an April 2007 anonymously signed letter, written by a neighbor of the Veteran, it was stated that the appellant was currently living with someone else and that she and the Veteran were not living under one roof.

In a May 2007 statement by the Veteran, he admitted that he and the appellant were not living under one roof. He further reported that he had his house where his other children and great-grandchildren were living with him and that the appellant had her own home where she also lived with her children. See Form 21-4138.

A January 2008 field examination report reflects several statements by the Veteran's immediate family contending that the Veteran and the appellant had never cohabitated prior to, during, and even after their marriage. In particular, one of the Veteran's daughters, [redacted], reported that she and her siblings never knew of the marriage until the Veteran showed her a copy of the marriage certificate as a basis of his application for recognizing the appellant as his dependent wife for VA purposes. 

In a March 2009 letter, written by another one of the Veteran's daughters, [redacted], she stated that the Veteran and the appellant had not lived under the same roof and were not living together as husband and wife. 

In support of her claim, the appellant has submitted a number of statements attesting to her marriage with the Veteran.

In her own statements in December 2010, June 2011, and August 2011, the appellant stated that prior to living with the Veteran she was a widow and that in the less than five years that she and the Veteran were together, she was hounded by his children who she claimed did not want her to be their stepmother. She stated that she met the Veteran in the daytime and at night he went home to stay with his children, but that she provided him the benefits of being her husband in the daytime. She further described the Veteran's children's desire for him to not go home with her as an "irresistible force" that compelled them to not live together under one roof.

The above evidence shows that not only had the appellant and Veteran not lived together during their marriage, they had also not begun living together as wife and husband for at least five years before their marriage was solemnized under Article 34 of the Family Code of the Philippines in December 2008. Thus, this constituted a legal impediment to their marriage under Article 34. VA Op. Gen. Counsel Prec. 58-91, at 5 (June 17, 1991) (defining "legal impediment" to include a lack of knowledge of the circumstances which caused the impediment to a valid marriage or the lack of knowledge of the law prohibiting a particular marriage); see Lamour, 544 F.3d at 1322-23 (an invalid marriage can be deemed a valid marriage). 

Whereas here the attempted marriage was invalid by reason of a legal impediment, the marriage will nevertheless be deemed valid if: (1) The marriage occurred 1 year or more before the veteran died or existed for any period of time if a child was born of the purported marriage or was born to them before such marriage, and (2) the claimant entered into the marriage without knowledge of the impediment, and (3) the claimant cohabited with the veteran continuously from the date of marriage to the date of his death, and (4) no claim has been filed by a legal surviving spouse who has been found entitled death benefits. 38 C.F.R. § 3.52.

For a deemed valid marriage under 38 C.F.R. § 3.52, all four of the requirements need to be met. In this case, there is no factual dispute that the marriage between the appellant and Veteran in 2006 occurred more than one year before the Veteran died in 2010 and no claim has been filed by a legal surviving spouse who has been found entitled death benefits. 

The remaining requirements to be met for a deemed valid marriage are whether the appellant and Veteran cohabited continuously from the date of marriage to the date of the Veteran's death and whether the appellant entered into the marriage without knowledge of the impediment. In determining a deemed valid marriage, the appellant's signed statement that she had no knowledge of an impediment to the marriage will be accepted as proof the fact in the absence of information to the contrary. 38 C.F.R. § 3.205(c). 

The determination of a claimant's knowledge of a legal impediment is viewed in terms of what the appellant's state of mind was at the time that the invalid marriage was contracted. Dedicatoria v. Brown, 8 Vet. App. 441, 444 (1995). 

As noted in the August 2006 Joint Affidavit, the appellant signed her signature, indicating that prior to her August 2006 marriage to the Veteran, they had been living together as husband and wife for the past five years and as such, she met the provisions for a valid marriage under Article 34 at that time.

However, the Board finds that even without consideration of the August 2006 Joint Affidavit and thus, assuming that the appellant entered into the marriage without knowledge of the impediment, the evidence of record is clear in that the appellant and the Veteran did not cohabitate continuously from the date of marriage to the date of the Veteran's death. Indeed the appellant, as well as, the Veteran and other lay witnesses, have provided numerous statements indicating that the appellant and Veteran did not live together once they were married. Consequently, the remaining requirement is not met for a deemed valid marriage.

As the appellant has not provided satisfactory proof of a valid marriage under Article 34 of the Family Code of the Philippines or proof of a deemed valid marriage under 38 C.F.R. § 3.52, the appellant has not met her burden of proving her marital status, and the Board concludes that the appellant is not to be recognized as the Veteran's surviving spouse for the purpose of VA death benefits. See Sandoval, at 9 (a veteran's spouse must supply proof of her marital status in order to achieve claimant status).


ORDER

The appellant is not recognized as the surviving spouse of the Veteran for the purpose of VA death benefits, and the appeal is denied.



____________________________________________
J. A. MARKEY
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs