NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**LOUIS CLAY,**
*Claimant-Appellant*

**v.**

**ROBERT A. MCDONALD, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2014-7118

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 13-1678, Judge Robert N. Davis.

---

Decided: July 13, 2015

---

LOUIS CLAY, Parchman, MS, pro se.

JOSHUA A. MANDLEBAUM, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by JOYCE R. BRANDA, ROBERT E. KIRSCHMAN, JR., MARTIN F. HOCKEY, JR.; Y. KEN LEE, LARA K. EILHARDT, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before LOURIE, SCHALL, and LINN, *Circuit Judges.*

PER CURIAM.

Louis Clay ("Clay") appeals from the decision of the United States Court of Appeals for Veterans Claims ("the Veterans Court") that affirmed the Board of Veterans' Appeals ("the Board") decision finding no clear and un- mistakable error ("CUE") in two earlier Board decisions that denied disability benefits for stomach, back, and neck injuries. *Clay v. Gibson*, No. 13-1678, 2014 WL 2608458 (Vet. App. June 12, 2014) ("*Opinion*"). For the following reasons, we affirm in part and dismiss in part.

## BACKGROUND

Clay served on active duty in the U.S. Air Force from January to March 1971. In February 1981, Clay filed a claim for service connection for back and neck injuries and for a stomach condition. The Department of Veterans Affairs Regional Office ("RO") denied service connection for those conditions, finding that Clay's service medical records lacked any "complaints, treatment or diagnosis for the conditions at issue during service." Appellee's Sup- plemental Appendix ("App.") 19 (noting "[h]ernia, back, neck injury, stomach disorder not shown by the evidence of record"). Clay then appealed from that decision to the Board. The Board denied Clay's claim for service connec- tion ("the 1982 decision"), similarly finding no basis in Clay's service medical records. *Id.* at 20–22.

In June 1994, Clay sought to reopen his claim for service connection for a back injury. *Id.* at 29. The RO denied that request. Clay appealed to the Board, contend- ing that he had "submitted new and material evidence which warrants reopening" of the claim. *Id.* at 24. The Board denied the request ("the 1998 decision"), finding that (1) the service medical and prior adjudication records were before the Board at the time of the 1982 decision and were thus "not new," *id.* at 30; (2) the 1981 X-ray report

failed to discuss the "etiology of [Clay's] back disorder, or the incurrence or aggravation of this condition during his period of service" and was thus "not material," *id.* at 31; (3) the 1994 opinion of Dr. McArthur was "not material" because it was "mere speculation as to the occurrence of an incident, . . . which had already been rejected by the Board," *id.* at 32; (4) the 1995 social security teletype was immaterial because it gave "no indication" that Clay incurred or aggravated a back disorder during active duty, *id.* at 33; and (5) Clay's additional statements were "cumulative of the evidence previously considered," *id.*

In December 2010, Clay asked the Board to revise its 1982 and 1998 decisions, alleging CUE because the Board proceeded without Clay's service medical records, thereby breaching its duty to assist, and failed to address several issues. The Board found no CUE, and thus declined to revise its earlier decisions ("the 2013 decision"). Notably, the Board held that (1) even if the Board proceeded without Clay's service medical records, which it did not, any failure to help obtain those records would not result in CUE; and (2) the remaining issues presented were immaterial, contradictory, or based on evidence already available to, and dismissed by, the Board. *Id.* at 7–14.

Clay appealed to the Veterans Court, and the Veterans Court affirmed the 2013 decision. *Opinion* at *2. The court first held that Clay's duty-to-assist argument cannot form the basis for CUE. *Id.* at *1. According to the court, Clay had to allege some error based on the law and facts as they were known at the time of the previous decisions to adequately claim CUE. *Id.* (citing *Cook v. Principi*, 318 F.3d 1334 (Fed. Cir. 2002) (en banc)). The court further held that it lacked jurisdiction to hear Clay's remaining arguments because they were never before the Board. *Id.*

Clay then appealed to this court seeking to invoke our jurisdiction under 38 U.S.C. § 7292.

DISCUSSION

Our review of Veterans Court decisions is limited. We have jurisdiction to review a Veterans Court decision "on a rule of law or of any statute or regulation . . . or any interpretation thereof." 38 U.S.C. § 7292(a). However, absent a constitutional issue, we lack jurisdiction to review factual findings or the application of law or regulation to the facts of a case. *Id.* § 7292(d)(2). To the extent we have jurisdiction, we set aside a Veterans Court decision only when it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Id.* § 7292(d)(1)(A).

Whether the Veterans Court applied the correct legal standard falls within this court's limited jurisdiction over veterans' appeals. *Lamour v. Peake*, 544 F.3d 1317, 1321 (Fed. Cir. 2008) ("Even where factual disputes may remain, we have authority to decide whether the Veterans Court applied the correct legal standard."). Here, Clay argues that the Veterans Court did not apply the statutes and regulations "extant at the time." Appellant's Informal Br. 1. Clay seems to suggest that 38 C.F.R. § 3.303(a) (1964) required the Board to develop the record before rendering a decision. We disagree.

The express language of 38 C.F.R. § 3.303(a) recites: "Determinations as to service connection will be based on review of the entire evidence of record." There is no requirement, implicit or otherwise, for the Board to develop the record before rendering a decision; it simply mandates full consideration of the evidence presented. That is the standard the Veterans Court applied here, and we do not find it in error.

The Veterans Court similarly applied the correct legal standard for adjudicating a CUE claim. As recited in *Cook*, "in order to constitute CUE, the alleged error must have been outcome determinative, . . . and [it] must have been based upon the evidence of record at the time of the

original decision." 318 F.3d at 1344. Moreover, a breach of the duty to assist cannot form the basis for a CUE claim. *Id.* Just because Clay disagrees with the law as it currently stands does not mean that the Veterans Court applied the wrong standard.

The remainder of Clay's arguments fall outside of our limited jurisdiction. Clay argues that the Board failed to consider record evidence. Yet the Board made an express factual finding to the contrary. App. at 13 ("Even if the Board were compelled to reach the merits of these general allegations, it notes that the Veteran's complete service treatment records were available and considered by the Board in connection with both decisions."). That finding is outside of our jurisdiction. 38 U.S.C. § 7292(d)(2). Clay further argues that the Board breached its duty to assist, and therefore its 1982 and 1998 decisions contain CUE. That argument has been repeatedly rejected by the Board and Veterans Court after invoking *Cook*, and the application of that standard to the facts of Clay's case is a matter that likewise falls outside of our jurisdiction. *Id.*; *Conway v. Principi*, 353 F.3d 1369, 1372 (Fed. Cir. 2004) ("[W]hile we can review questions of law, we cannot review applications of law to fact.").

Clay additionally argues that "[b]y the Court applying new law to the instant case, and not applying the law extant at the time, [the Court] violated Clay's due process and equal protection rights." Appellant's Informal Br. 1. Without a legitimate explanation providing an adequate basis for that claim, it is constitutional in name only and thus outside of our jurisdiction. *Helfer v. West*, 174 F.3d 1332, 1335 (Fed. Cir. 1999) (Characterizing an appeal as "constitutional in nature does not confer upon us jurisdiction that we otherwise lack.").

We have considered the remaining arguments presented in Clay's informal appeal brief, but we do not find

them persuasive.  For the foregoing reasons, the appeal is affirmed in part and dismissed in part.

**AFFIRMED IN PART AND DISMISSED IN PART**

Costs

No costs.