http://www.va.gov/vetapp16/Files3/1621739.txt

Citation Nr: 1621739 
Decision Date: 05/31/16 Archive Date: 06/08/16

DOCKET NO. 06-38 772 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in San Juan, the Commonwealth of Puerto Rico

THE ISSUE

Whether the appellant qualified as a surviving spouse, based on effective date of marriage, for the purposes of basic eligibility to Dependency and Indemnity Compensation (DIC), death pension, and accrued benefits.

REPRESENTATION

Appellant represented by: The American Legion

ATTORNEY FOR THE BOARD

David Gratz, Counsel

INTRODUCTION

The Veteran served on active duty from July 1951 to June 1954, including in Korea, and his decorations include the Combat Infantryman's Badge and the Purple Heart. The Veteran died in December 2002. The appellant claims benefits as his surviving spouse.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a December 2003 rating action of the Department of Veterans Affairs (VA) Regional Office (RO) in San Juan, the Commonwealth of Puerto Rico.

In September 2007, the appellant testified at a hearing at the RO before a Decision Review Officer (DRO). A transcript of the hearing has been associated with the claims file.

In October 2009, the Board remanded this case for further development. The case has returned to the Board for appellate review.

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2015). 38 U.S.C.A. § 7107(a)(2) (West 2014).

FINDINGS OF FACT

1. The April 1981 Certificate of Marriage Registration signed by the City Clerk of the City of New York clearly identifies the Veteran and the appellant as having been married to each other in September 1971 in Brooklyn, New York.

2. The marriage between the Veteran and the appellant occurred in September 1971, and the Veteran died in December 2002.

3. The appellant entered into the marriage to the Veteran without knowledge of any impediment thereto.

4. The appellant cohabited with the Veteran continuously from the date of marriage to the date of his death.

5. No claim has been filed by a legal surviving spouse who has been found entitled to gratuitous death benefits other than accrued monthly benefits covering a period prior to the Veteran's death.

6. The appellant and the Veteran were married until his death.

7. The appellant qualifies as the surviving spouse of the Veteran at the time of his death for VA purposes.

CONCLUSION OF LAW

The appellant is entitled to recognition as the surviving spouse of the Veteran for purpose of VA benefits. 38 U.S.C.A. §§ 101(3), 103 (West 2002); 38 C.F.R. §§ 3.1(j), 3.50, 3.52, 3.53, 3.205 (2015).

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Board sympathizes with the appellant in light of her loss. For the reasons described below, the Board finds that the appellant is the surviving spouse of the Veteran for VA purposes.

For VA's purpose of determining whether the claimant can be established as the valid surviving spouse of the Veteran, the first requirement is "proof of marriage," which can be satisfied, among other ways, by a copy or abstract of the public record of marriage containing sufficient data to identify the parties, the date and place of marriage, and the number of prior marriages if shown on the official record. See 38 C.F.R. § 3.205(a)(1). Here, the April 1981 Certificate of Marriage Registration signed by the City Clerk of the City of New York clearly identifies the Veteran and the appellant as having been married to each other in September 1971 in Brooklyn, New York. That official record does not show the number of prior marriages, and neither is such required by regulation. As such, the appellant has satisfied the "proof of marriage" requirement of 38 C.F.R. § 3.205(a).

Second, in the absence of conflicting information, proof of marriage that meets the requirements of 38 C.F.R. § 3.205(a), together with the claimant's certified statement concerning the date, place and circumstances of dissolution of any prior marriage, may be accepted as establishing a valid marriage, provided that such facts, if they were to be corroborated by record evidence, would warrant acceptance of the marriage as valid. See 38 C.F.R. § 3.205(b). In this case, the appellant explained in an October 2003 letter that she does not have any knowledge or details of the Veteran's past marriage or any documentation related to it, other than that the Veteran's former spouse left for England. As the appellant has not provided VA with the date of the Veteran's prior divorce, her marriage to the Veteran cannot be accepted as a valid marriage under 38 C.F.R. § 3.205(b).

Notwithstanding the foregoing, VA provides an alternative to the "valid marriage" requirement of 38 C.F.R. § 3.205(b). Specifically, VA allows for a marriage to be "deemed valid" where a surviving spouse has satisfied the "proof of marriage" in 38 C.F.R. § 3.205(a), meets the requirements of 38 C.F.R. § 3.52, and signs a statement that she had no knowledge of an impediment to the marriage to the Veteran, and there is no information to the contrary. 38 C.F.R. § 3.205(c).

Here, as discussed above, the appellant has satisfied the "proof of marriage" requirement of 38 C.F.R. § 3.205(a).

With respect to 38 C.F.R. § 3.52, to be deemed valid a marriage must satisfy four elements. The appellant satisfies the first element because the marriage occurred one year or more before the Veteran died; specifically, the marriage occurred in September 1971, and the Veteran died in December 2002. See 38 C.F.R. § 3.52(a). The appellant satisfies the second element because she entered into the marriage without knowledge of any impediment, as she documented in her October 2003 signed statement that "When I married [the Veteran] he was already divorced. I was only aware of the fact because he had told me so." See 38 C.F.R. § 3.52(b). The appellant satisfies the third element because she cohabited with the Veteran continuously from the date of marriage to the date of his or her death as outlined in 38 C.F.R. § 3.53, as she testified in her September 2007 DRO hearing at pp. 3, 6. See 38 C.F.R. § 3.52(c). The appellant satisfies the fourth element because no claim has been filed by a legal surviving spouse who has been found entitled to gratuitous death benefits other than accrued monthly benefits covering a period prior to the Veteran's death. See 38 C.F.R. § 3.52(d).

Finally, 38 C.F.R. § 3.205(c)-in addition to mandating that the requirements of 38 C.F.R. § 3.52 are met-also requires a signed statement from the appellant that she had no knowledge of an impediment to her marriage to the Veteran. The determination of a survivor benefit claimant's knowledge of a legal impediment to valid marriage to a veteran is viewed in terms of what the claimant's state of mind was at the time that the marriage to the veteran was contracted. See LaMour v. Peake, 544 F.3d 1317, 1323 (2008); Dedicatoria v. Brown, 8 Vet. App. 441, 444 (1995). Here, the appellant reported in her signed October 2003 statement that at the time of her marriage to the Veteran, he had informed her that he was already divorced. No information to the contrary is of record. Consequently, the appellant satisfies all of the elements of 38 C.F.R. § 3.205(c), and her marriage is deemed valid for VA purposes.

The Board has also considered the applicability of 38 C.F.R. § 3.350(b), which requires that the appellant have been the spouse of the Veteran at the time of the Veteran's death. The appellant has reported that she was married to the Veteran at the time of his death in statements dated September 2006, November 2006, December 2006, September 2007, and June 2010. The appellant has never stated otherwise. Further, although the Veteran on some occasions reported being divorced-including in a July 1994 application for VA benefits (wherein he asserted that they divorced in 1989), a January 1995 VA posttraumatic stress disorder (PTSD) examination, and a December 2002 statement (signed by a "next friend")-he never submitted a divorce decree or any other official documentation thereof. Moreover, following an October 2009 Board remand, the RO was unable to procure documentation of any divorce between the Veteran and the appellant. To the contrary, the December 2001 Death Certificate from the Puerto Rico Department of Health lists the appellant as the Veteran's surviving spouse, as does an April 2003 Commonwealth of Puerto Rico Department of Health Demographic Registry Certification of Death. Further, an August 2010 letter from the Kings County Clerk's Office in Brooklyn, New York, shows no cases with the names of the Veteran and the appellant in 1988 or 1989. Additionally, an August 2011 Form 5041-102 shows that an employee of the Demographic Registry in San Juan, Puerto Rico informed VA that there is no record of any divorce decree between the Veteran and the appellant. A signed letter from the Puerto Rico Demographic Registry Divorces Clerk to that effect, dated August 2011, is also of record.

After reviewing that evidence, the Board finds that the appellant's statements to the effect that she and the Veteran were married until his death outweighs the Veteran's occasional statements that they were divorced because the official records provided by the State of New York and the Commonwealth of Puerto Rico are consistent with the appellant's statements. 38 C.F.R. § 3.50(b). As discussed above, the Board further finds that the appellant lived with the Veteran continuously from the date of marriage to the date of the Veteran's death, as she testified at her September 2007 DRO hearing. 38 C.F.R. § 3.50(b)(1). Finally, there is no evidence that the appellant has remarried or, after September 19, 1962, held herself out openly to the public to be the spouse of another person. 38 C.F.R. § 3.50(b)(2). Therefore, the Board concludes that the appellant is the surviving spouse of the Veteran.

ORDER

The appellant is recognized as the surviving spouse of the Veteran for the purpose of VA benefits.

____________________________________________
STEVEN D. REISS
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs