NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DONALD RIVERA,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2022-2095

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 20-0247, Judge William S. Greenberg.

---

Decided: November 3, 2023

---

DONALD RIVERA, Algodones, NM, pro se.

BRENDAN DAVID JORDAN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BRIAN M. BOYNTON, TARA K. HOGAN, PATRICIA M. MCCARTHY; AMANDA BLACKMON, Y. KEN LEE, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

———————————

Before NEWMAN, REYNA, and TARANTO, *Circuit Judges.*

PER CURIAM.

Donald Rivera served with the United States Air Force from June 1972 to June 1976; he injured his back in 1973 while loading weapons. The matter in dispute is the effective date of his disability compensation for degenerative bone disease and stenosis of the lumbar spine.

The Department of Veterans Affairs (VA) regional office denied an effective date earlier than Mr. Rivera's application date of August 25, 2006, rejecting his argument that he had attempted to file an application in 1976 but a VA representative told him he was not eligible for compensation and refused to complete the filing of his application. He appealed to the Board of Veterans' Appeals (BVA or "Board"), seeking an effective date retroactive to 1976. The Board upheld the denial,[1] and the Court of Appeals for Veterans Claims (CAVC or "Veterans Court") affirmed after proceedings including a remand.[2]

Mr. Rivera raises constitutional and statutory questions. On review of all the issues, we affirm the decision of the Veterans Court.

———————————

[1]    *Rivera v. McDonough*, No. 08-21 909 (Bd. Vet. App. Apr. 25, 2018) ("Board Op.").

[2]    *Rivera v. McDonough*, No. 15-3303, 2016 WL 7438770 (Vet. App. Dec. 27, 2016) ("Remand Dec."); No. 20-0247, 2022 WL 1284531 (Vet. App. Apr. 29, 2022) ("CAVC Op.").

BACKGROUND

At the time of Mr. Rivera's "processing out" at Travis Air Force Base in 1976, Rivera AF Form 452, dated June 5, 1976, "noted recurrent back pain." Board Op. at 8.  The Board recited, "[T]he Veteran was advised that he was entitled to file an application for compensation from VA and that he did not wish to [file] an application for disability compensation at this time and understood that he may do so at a later date." Board Op. at 13; *see* "Serviceman's Statement Concerning Application for Compensation from the Veterans Administration" dated June 5, 1976.

Mr. Rivera completed an application for disability compensation on August 25, 2006.  Based on that application, the VA awarded 10% disability by Rating Decision dated August 27, 2007, with compensation payable from August 25, 2006, in accordance with statute:

> [38 U.S.C. § 5110(a)](1)  Unless specifically provided otherwise in this chapter, the effective date of an award based on an initial claim, or a supplemental claim, of compensation, dependency and indemnity compensation, or pension, shall be fixed in accordance with the facts found, but shall not be earlier than the date of receipt of application therefor.

Mr. Rivera filed a Notice of Disagreement, stating that the effective date should be retroactive to June 1976, in light of an alleged 1976 application attempt which he claimed was refused by the VA.  The VA did not agree to the earlier effective date, and he appealed to the Board.

The Board held a hearing in June 2014.  Mr. Rivera testified that the VA representative who, in June 1976, was filling out the application on his behalf, refused to complete the application when he learned that Mr. Rivera's injury occurred at the Air Force base rather than in combat and that he had not served in Vietnam.  Mr. Rivera testified

that the VA representative tore up the application. The Board held that Mr. Rivera was not entitled to the 1976 effective date. He then appealed to the Veterans Court.

On December 27, 2016, the Veterans Court vacated the 2014 decision, holding that the Board:

> provided an inadequate statement of reasons or bases for its treatment of the appellant's lay testimony regarding a written communication created with a VA employee in June 1976 evidencing his intent to apply for disability benefits . . . . Specifically, the Board never made a credibility determination regarding the evidence.

CAVC Remand Dec. at 3 (citing *Washington v. Nicholson,* 19 Vet. App. 362, 367–68 (2005) (holding that the Board has the duty to determine the credibility and probative value of the evidence)). The Veterans Court mentioned the possibility of entitlement to the filing date of an "informal claim" in appropriate circumstances. *Id.* at 3. The court remanded to the Board for further consideration.

The Board held a second hearing, at which Mr. Rivera again testified regarding the alleged application attempt in 1976. The Board again denied the 1976 effective date, reciting credibility factors including inconsistent statements concerning the 1976 events, the absence of any corroboration, and the thirty intervening years of inaction. Board Op. at 12–13. The Board summarized:

> Given the varying statements as to whether or not paperwork was started and if it was started how much information was included on any alleged application, the Board finds that the Veteran's statements are inconsistent with each other and the probative contemporaneous written evidence record. Other than the Veteran's statements, there is no tangible evidence that an informal claim or

> written communication was created that identified the benefits sought prior to August 25, 2006.

*Id.* at 13.

The Veterans Court affirmed, stating that while "the Court is sympathetic to the appellant's circumstances, the Board has properly considered the lay testimony in the decision on appeal; the Court discerns no clear error in the Board finding the veteran's statements inconsistent and unsupported by the rest of the evidence of record." CAVC Op. at 3.

Mr. Rivera appeals. He argues that the VA misinformed him in 1976, that he has been treated unfairly and in violation of his statutory rights as a veteran, and that his constitutional right to due process has been violated.

DISCUSSION

## *Jurisdiction and Standard of Review*

This court has jurisdiction under 38 U.S.C. § 7292 at least because Mr. Rivera has presented a constitutional issue. The government has not argued that Mr. Rivera failed to present his constitutional challenge to the Veterans Court, so the Veterans Court's affirmance of the Board's decision denying the requested earlier effective date necessarily rejected this challenge, which suffices for jurisdiction. *See Forshey v. Principi*, 284 F.3d 1335, 1338, 1349 (Fed. Cir. 2002) (en banc), *superseded in part by statute*, Veterans Benefits Act of 2002, Pub. L. No. 107-330, tit. IV, § 402(a), 116 Stat. 2820, 2832; *see also Morgan v. Principi*, 327 F.3d 1357, 1360–64 (Fed. Cir. 2003); *Lamour v. Peake*, 544 F.3d 1317, 1320–21 (Fed. Cir. 2008).

This court reviews legal determinations *de novo*. *See Andre v. Principi*, 301 F.3d 1354, 1358 (Fed. Cir. 2002). As relevant here, although we have some review authority over facts that bear on constitutional issues, *see* 38 U.S.C. § 7292(d)(2) (making exception for constitutional issue to

the bar of our review of factual matters), any such review, consistent with general appellate practice, must give at least the usual deference to the factfinder's credibility determinations. *See*, *e.g.*, *Jandreau v. Nicholson*, 492 F.3d 1372, 1376 (Fed. Cir. 2007); *Buchanan v. Nicholson*, 451 F.3d 1331, 1336–37 (Fed. Cir. 2006); *see also Inwood Labs., Inc. v. Ives Labs., Inc.*, 456 U.S. 844, 856 (1982); *Tiger Lily Ventures Ltd. v. Barclays Capital Inc.*, 35 F.4th 1352, 1366 (Fed. Cir. 2022).

### *The Credibility Determination*

The Veterans Court focused on the "credibility" of Mr. Rivera's argument that in 1976 he attempted to apply for disability compensation, and that a VA employee misinformed him concerning entitlement. The court recognized that such an event can warrant relief, suggesting the possibility of an "informal claim" in the absence of actual filing. However, the Veterans Court also had concerns with Mr. Rivera's descriptions of this 1976 event, and instructed the Board to probe this aspect.

On remand the Board conducted a second hearing, at which Mr. Rivera testified. The Board wrote a detailed explanation of its conclusion that Mr. Rivera had not credibly established that he attempted to file an application in 1976. The Board recited inconsistencies in his various descriptions of the 1976 events, and the absence of any corroborating evidence. Board Op. at 1. The Board again denied Mr. Rivera's request for retroactivity to 1976.

Mr. Rivera returned to the Veterans Court, which held that it "discerns no clear error in the Board finding the veteran's statements inconsistent and unsupported by the rest of the evidence of record." CAVC Op. at 3 (citing *Hicks v. Brown*, 8 Vet. App. 417, 422 (1995) (the Veterans Court reviews Board decisions for clear error)). On resolution of its concern for credibility, the Veterans Court affirmed that the August 25, 2006 application filing date is the effective date for compensation for Mr. Rivera's spine condition.

CAVC Op. at 3. Credibility is a factual finding, and we see no basis for disturbing the credibility-based rejection of Mr. Rivera's allegations of what occurred in June 1976.

### *Legal Issues*

Mr. Rivera argues that he was denied due process because the VA improperly denied him the opportunity to obtain the benefits to which he is entitled by statute. As the government points out, "a court ruling against a litigant when it finds his arguments unconvincing is not a denial of due process," Gov't Br. at 10, for the two evidentiary hearings before the Board provided Mr. Rivera with the "opportunity to be heard 'at a meaningful time and in a meaningful manner,'" *Edwards v. Shinseki*, 582 F.3d 1351, 1355 (Fed. Cir. 2009) (quoting *Mathews v. Eldridge*, 424 U.S. 319, 323–33 (1976)).

Mr. Rivera suggests that his due process rights were violated by VA when, he alleges, VA impaired his ability to file for benefits in June 1976. But his allegations about June 1976 are the essential premise of this contention. And those allegations were rejected by the Board, the Veterans Court affirmed that rejection, and, as we have concluded above, we have no sound basis for disturbing that ruling. Like the Veterans Court, we have no occasion to explore the scope of due process rights if Mr. Rivera's allegations about what transpired in June 1976 were accepted.

Mr. Rivera states that the Board, in its initial decision in 2014, applied the incorrect standard of "clear and unmistakable error" to Board review of the action of the regional office, instead of reaching an independent decision. However, this criticism was mooted when the Veterans Court vacated the Board's 2014 decision and remanded for determination of credibility. The Veterans Court stated: "Though the appellant credits a disgruntled VA employee with the destruction of his application for disability benefits, this Court has already remanded the matter to the

Board for it to properly consider this lay testimony." CAVC Op. at 3.

Finally, Mr. Rivera cites to a number of statutes and regulations in his filing in this court. But he has not identified any such statute or regulation that the Veterans Court expressly or necessarily ruled on in a way that has been shown to be incorrect and material to the outcome.

## CONCLUSION

We affirm the Veterans Court's decision that the effective date for Mr. Rivera's compensation award is the 2006 application date.

## **AFFIRMED**

### COSTS

No costs.