NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

FLORENCE PETITE,
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

2023-1577

Appeal from the United States Court of Appeals for Veterans Claims in No. 19-5815, Chief Judge Margaret C. Bartley.

Decided:  December 16, 2024

KENNETH M. CARPENTER, Law Offices of Carpenter Chartered, Topeka, KS, argued for claimant-appellant.

KELLY GEDDES, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee.  Also represented by BRIAN M. BOYNTON, MARTIN F. HOCKEY, JR., PATRICIA M. MCCARTHY; Y. KEN LEE, ANDREW J. STEINBERG,

Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

_____

Before DYK and STOLL, *Circuit Judges*, and MURPHY, *District Judge*.[1]

MURPHY, *District Judge.*

Florence Petite ("Ms. Petite"), the daughter of veteran Darren J. Petite, appeals a judgment of the United States Court of Appeals for Veterans Claims ("Veterans Court") in *Petite v. McDonough*, No. 19-5815 (Vet. App. Mar. 4, 2023). Ms. Petite applied for an award of attorney's fees and expenses pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, which the Veterans Court rejected.

For the reasons provided below, we conclude that the Veterans Court erred as a matter of law when it failed to analyze whether the Department of Veterans Affairs ("VA")'s administrative position, the policy adopted by the Board of Appeals for Veterans Claims ("Board"), was substantially justified. We vacate and remand.

BACKGROUND

Ms. Petite appeals from the decision of the Veterans Court denying her EAJA application. Ms. Petite's father, Darren J. Petite, served honorably on active duty in the United States Army from October 1993 to October 1999. He was found totally and permanently disabled as a result of his service-connected disabilities.

Established by Congress in 1973, the Civilian Health and Medical Program of the Department of Veterans

_____

[1]    Honorable John F. Murphy, District Judge, United States District Court for the Eastern District of Pennsylvania, sitting by designation.

Affairs ("CHAMPVA") provides health care benefits to eligible children and other dependents of disabled veterans. Ms. Petite received CHAMPVA benefits as a dependent of her father from 2008 until 2017, when the VA informed Ms. Petite that her entitlement to benefits ended on her eighteenth birthday because she was no longer enrolled full-time in school. Ms. Petite filed a notice of disagreement with the VA, arguing that it was unfair to terminate her benefits. In December 2017, the VA issued a decision confirming that Ms. Petite was no longer entitled to receive CHAMPVA benefits.

Ms. Petite appealed to the Board and informed it that she was a part-time student and worked from two to six hours per week. Relying in part on a VA policy manual in effect at the time, the Board found that Ms. Petite was not qualified for CHAMPVA benefits because she was not a full-time student. Ms. Petite appealed the Board's decision to the Veterans Court, which reversed and remanded, holding that the governing statutes did not require Ms. Petite to be a full-time student and directing the Board to readjudicate Ms. Petite's claim.

Ms. Petite then filed an application for attorney's fees and expenses under the EAJA, which mandates the award of attorney's fees to a prevailing party in cases brought against the United States, unless the position of the United States is found to have been "substantially justified or . . . special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1). The Secretary of the VA opposed Ms. Petite's application. The Veterans Court denied Ms. Petite's application, finding that the Secretary's position was substantially justified at the administrative and litigation phases. Ms. Petite sought reconsideration, which the Veterans Court denied. She now appeals to our court, arguing that the Veterans Court failed to assess whether the Secretary's position was substantially justified at the administrative stage.

## DISCUSSION

### I

Our jurisdiction to review a decision of the Veterans Court is limited by 38 U.S.C. § 7292. We must "hold unlawful and set aside" any regulation or interpretation relied upon by the Veterans Court that is: "(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (B) contrary to constitutional right, power, privilege, or immunity; (C) in excess of statutory jurisdiction, authority, or limitations, or in violation of a statutory right; or (D) without observance of procedure required by law." § 7292(d)(1). But we may not review challenges to factual determinations or to laws or regulations "as applied to the facts of a particular case." § 7292(d)(2).

Ms. Petite does not challenge the Veterans Court's finding that the Secretary's litigation position before the Veterans Court was substantially justified; rather, she argues that the Veterans Court failed to examine the Secretary's position at the administrative stage (*i.e.*, the Board's decision). The Secretary argues that we lack jurisdiction because Ms. Petite's challenge is an application of law to fact. The Veterans Court's correctly stated the law: "[t]he Secretary bears the burden of demonstrating that his position was substantially justified at both the administrative and litigation stages." J.A. 3. And because of this correct statement of law, the Secretary concludes that any inquiry into the Veterans Court's later statement that "the Secretary's position in this case at the administrative and litigation stages was not unreasonable" is an improper review of the application of law to fact. Appellee's Br. 9–11.

The Secretary is of course correct that we lack jurisdiction to review challenges to factual determinations or to laws or regulations "as applied to the facts of a particular case." § 7292(d)(2). But that is not the issue

before us.  Here, the Veterans Court correctly quoted the legal standard but then did not use it.  Therefore, we are not reviewing the Veterans Court's application of law to fact but rather determining whether the Veterans Court applied a different standard than the one it espoused.  "[W]hether the Veterans Court applied the correct legal standard in evaluating whether the government's position was 'substantially justified' for purposes of the EAJA is a legal determination that falls squarely within the scope of our appellate jurisdiction."  *Patrick v. Shinseki*, 668 F.3d 1325, 1329–30 (Fed. Cir. 2011).  And we have this authority "[e]ven where factual disputes may remain."  *Sneed v. Shinseki*, 737 F.3d 719, 724–26 (Fed. Cir. 2013) (quoting *Lamour v. Peake*, 544 F.3d 1317, 1321 (Fed. Cir. 2008)).[2]

The Secretary relies on *Cook v. Principi*, 353 F.3d 937, 940 (Fed. Cir. 2004) to assert that we lack jurisdiction over all questions related to substantial justification because they are inherently factual.  Not so.  Unlike in *Cook*, we need not assess whether the Veterans Court made an "erroneous factual determination."  *Id.*  Our inquiry is limited to whether the Veterans Court actually used the test that it espoused.  Notably, *Cook* involved a statute that gave the Veterans Court discretion "to affirm, modify, or reverse a decision of the [Board] or to remand the matter, as appropriate."  *Id.* at 939.  The appellant argued that "the

---

[2]    In *Sneed*, we found jurisdiction to review "whether the Veterans Court applied an improperly narrow standard" even though the Veterans Court cited the correct legal standard — one that had been endorsed by this court.  737 F.3d at 724, 726–27.  Jurisdiction was appropriate because the Veterans Court "recit[ed]" the established "open-ended" standard but then employed a narrow, closed standard.  *Id.* at 726.  Accordingly, we vacated and remanded to the Veterans Court for further proceedings consistent with the correct legal standard.  *Id.* at 729.

Veterans Court erred by not remanding his case." *Id.* at 940. Any inquiry on appeal would have necessarily involved questioning factual determinations to assess whether the Veterans Court's declination of remand was "appropriate." *Id.* at 939–41. No such discretion is present here.

There is no dispute that the Veterans Court must determine whether the Secretary's position was "substantially justified" at both the administrative and litigation stages. *Patrick*, 668 F.3d at 1330. Deciding whether the Veterans Court actually applied this standard does not require us to second-guess the Veterans Court's factual determinations. Accordingly, we have jurisdiction over that question.

## II

The Veterans Court did not assess whether the Secretary's position was substantially justified at the administrative phase. "[A] determination as to whether the government's position was substantially justified requires a thorough evaluation of the legal and factual support for the position that it adopted." *Id.* at 1333.

The Secretary seeks to avoid vacatur by pointing to the Veterans Court's statement that "[the Secretary's] administration position, which mirrored his litigation position, was consistent with VA policy." Appellee's Br. 9. To be sure, we may not question the fact of whether the Secretary's position was the same at both stages, but it does not necessarily follow that the purported position was substantially justified at both stages.

The Veterans Court's analysis focuses entirely on how the Secretary's arguments during the *litigation* stage at the Veterans Court were substantially justified. And there is essentially no discussion of the Secretary's justifications at the administrative stage (*i.e.*, the policy adopted by the Board). Although the Veterans Court stated that the

Secretary's administrative position was substantially justified for the same reasons as the Secretary's litigation position, the opinion fails to provide "a thorough evaluation of the legal and factual support for the position that it adopted." *Patrick*, 668 F.3d at 1333.

For example, the Veterans Court discussed in detail how the Secretary's litigation position "was based on the Secretary's belief that section 1781 contained a program specific definition of 'child'" and that "the Secretary identified legislative history that he believed was consistent with his position." J.A. 4–5. These statutory arguments were not explicitly discussed in the Board's decision at the administrative stage.[3] Yet the Veterans Court's analysis in the first appeal started and ended with "the plain language of the[] statutes," J.A. 91, and characterized the Board's decision as citing only to "controlling regulations," not statutes, J.A. 84.

The Board's decision to terminate Ms. Petite's benefits based on her age and lack of full-time student status — at the administrative stage — relied primarily on 38 C.F.R. § 3.57(a)(1) and the CHAMPVA Policy Manual. J.A. 77. The Board's decision stated that "[f]or CHAMPVA purposes, pursuit of a course of instruction at an approved educational institution according to 38 C.F.R. § 3.57(a)(1)(iii) must be on a full-time basis" and cited to the "CHAMPVA Policy Manual Chapter 1, Section 2.5 II.B (last accessed on August 13, 2019)." J.A. 77. But the cited

---

[3] The Board's decision includes only two passing references to 38 U.S.C. § 1781, each of which lacks any explanation of the Secretary's reasons for importing the definition of "child" from another subsection. The record reflects that any further justification by the Secretary, such as the legislative history of 38 U.S.C. § 1781, did not appear until the litigation stage.

regulation does not include a full-time requirement, and we cannot confirm the content of the Manual effective when the Board made its decision because the Manual was never placed in the record.

An examination by the Veterans Court of the Manual effective in 2019 may or may not reveal that the Board was substantially justified in taking the position that children of veterans were required to be enrolled in a full-time course of study to maintain benefits eligibility. Whether the effective Manual demonstrates a lack of substantial justification is a fact issue over which we lack jurisdiction, so vacatur is appropriate here. *Stillwell v. Brown*, 46 F.3d 1111, 1113 (Fed. Cir. 1995).

## CONCLUSION

The Veterans Court is tasked with assessing whether the Secretary's position was substantially justified at *both* the administrative and litigation phases. Here, the Veterans Court did not assess whether the Secretary's position was substantially justified at the administrative stage. We reject the Secretary's assertion that we may overlook this omission because the Veterans Court stated the correct standard. We vacate the Veterans Court's decision and remand the case for determination of whether the Secretary's position was substantially justified at the administrative phase.

## **VACATED AND REMANDED**

### COSTS

The appellant shall have her costs.